**ADELBERT M. BRYAN, Appellant**

v.

**ALPHONSO A. CHRISTIAN, Commissioner of Public Safety, as successor to Eldridge Waith**

No. 76-1875

United States Court of Appeals

Third Circuit

Argued December 7, 1976

Filed February 22, 1977

LEROY A. MERCER, ESQ., Christiansted, St. Croix, V.I., *for appellant*

IVE A. SWAN, ESQ., Department of Law, St. Thomas, V.I., *for appellee*

Before SEITZ, *Chief Judge*, GIBBONS and HUNTER, *Circuit Judges*

4

OPINION OF THE COURT

GIBBONS, *Circuit Judge*

In this appeal we review an order of the District Court of the Virgin Islands which, on a writ of review pursuant to 5 V.I.C. § 1421 et seq., affirmed the decision of the Government Employees Service Commission (GESC).[1] The appellant Adelbert M. Bryan, a police officer within the Virgin Islands Department of Public Safety, sought relief before the GESC from the decision of the Department of Public Safety to deny him promotion to the rank of police sergeant. When the GESC denied relief Bryan petitioned the District Court of the Virgin Islands for a writ of review of the GESC decision. The district court granted review and affirmed the decision of the GESC. We reverse and remand.

Employees of the Department of Public Safety are covered by the Personnel Merit System set forth in Chapter 25 of Title 3 of the Virgin Islands Code. That Chapter is administered by the Director of Personnel.[2] Under the Chapter ". . . all appointments and promotions to positions in the classified service shall be made on the basis of merit and fitness, to be ascertained by competitive examinations."[3] The sole examining authority is the Director of Personnel, who

". . . shall from time to time conduct such entrance tests and promotion tests as he considers necessary for the purpose of establishing employment lists and promotion lists. The tests shall be competitive and shall be of such character as to determine the relative fitness and ability of the person tested to perform the duties of the class of positions for which a list is to be established, except

---

[1] GESC concedes that, despite the language in 3 V.I.C. § 530(b) that "the [Government Employees Service] Commission's decision shall be final," its actions may be reviewed in a proceeding under 5 V.I.C. § 1421 et seq. See Donastorg v. Government Employees Service Commission, 285 F.Supp. 111, 6 V.I. 368 (D.V.I. 1968).

[2] 3 V.I.C. § 452.

[3] Id. at § 521.

that with the approval of the Governor a noncompetitive test may be given to an employee for a promotion on the basis of special qualifications of the employee or special or unusual requirements of the service. Tests may be written, oral, physical or in the form of a demonstration of skill, or any combination of such tests. The tests may take into consideration such factors including education, experience, aptitude, capacity, knowledge, ability, character, physical fitness, and other qualifications, as in the judgment of the Director of Personnel enter into the determination of the relative fitness of the applicant. . . ."[4]

The Chapter also provides that admission to tests shall be open to all persons desirous of taking the examination,[5] and that each person competing in any test shall be given notice of his final earned rating and of his relative standing on the list.[6]

■ When a department head wishes to fill a vacancy he must submit to the Director of Personnel a statement showing the position to be filled and the duties of the position.[7] After such submission:

The Director of Personnel shall then certify to the appointing authority[8] the names of three eligibles for such position. If more than one vacancy is to be filled in the same class, one additional eligible shall be certified for each additional vacancy. Upon receiving certification of eligibles, the appointing authority, after consultation with the department head shall appoint one of those whose names are certified to each vacancy he is to fill.[9]

The Director of Personnel has no discretion in certifying eligibles to depart from the ranking in the employment or promotion lists established as a result of competitive examinations.[10] Nor is there any discretion with respect

---

[4] Id. at § 522(a).
[5] Id. at § 523(a).
[6] Id. at § 524.
[7] Id. at § 526(a).
[8] " 'Appointing authority' means the Governor or any other officer or person having the authority to make appointments in the Government Service." Id. at § 451.
[9] Id. at § 526(a).
[10] (b) The eligibles certified shall be the highest ranking eligibles willing to accept employment ranked in the following order for certification from

to the number of persons certified; three persons for one vacancy and one additional person for each additional vacancy. The only exception is that "[m]ore than three names may be certified to insure that all persons of equal rank and eligibility have an equal opportunity to be selected for available vacancies."[11] The plain meaning of the exception is that if two persons score identically on a competitive examination both may be certified.[12]

In August of 1971 the Commissioner of Public Safety proposed to the Assistant Director of Personnel that certain changes be made in the requirements for promotion within the police ranks. The Commissioner's draft proposal suggested a length of service requirement of three years for promotion to sergeant; plus an examination, weighted 50% on a written test and 50% on "Record & Seniority". The draft spelled out a method of quantifying "Record & Seniority" by giving point scores for college credits, departmental awards, and length of service, while deducting points for suspensions or reprimands. Thus an officer's "Record & Seniority" point score was determinable by a

---

employment lists: first, all the eligibles on the appropriate reemployment list, if any; second, those on the appropriate promotion list, if any; third, those on the appropriate employment list. All the names of any list shall be exhausted before any names are certified from any other list, but the names certified may be taken from two or more lists if necessary to make a certification of three eligibles. Names shall be certified from each list in the order of their rank on that list.

If appropriate employment lists do not contain the names of a sufficient number of eligibles willing to accept appointment to make possible the certification of three names, then less than three names may be certified. More than three names may be certified if necessary to insure that all persons of equal rank and eligibility have an equal opportunity to be selected for available vacancies.

Certification shall be made from the appropriate list, but if no such list exists then the Director of Personnel may certify from such other list as is the next more nearly appropriate list.
Id. at § 526(b).

[11] Id.

[12] Appellee urges that the above quoted language from § 526(b) permits the certification of all persons who have met the minimum eligibility standards. We find such a construction of § 526(b) to be difficult to support if not untenable in light of the explicit limitation in § 526(a) on the number of eligibles which may be certified to the appointing authority for promotion consideration.

simple examination of his personnel file. Although the Director of Personnel's approval of the foregoing requirement appears to have been informal, rather than by formal rulemaking, it is undisputed that the requirements were approved. Indeed the Office of the Director of Personnel acted pursuant to those requirements in determining the rank of persons eligible for promotion to the sergeant positions implicated in the instant case.

In August of 1972 the DPS had twelve vacancies to be filled by promotion to the rank of sergeant. Appellant Bryan applied for promotion to sergeant and received a score on the written examination of 79.38, and a "promotional record"[13] score of 84.30. His final rating as determined by the Office of Personnel was the average of these two scores—81.84.

That score placed Bryan fourth on the entire promotion list, containing 34 names, of all those eligible for promotion to sergeant. The entire list of eligibles was then turned over to the Department of Public Safety. Nothing in the record indicates whether in turning over the entire list the Director of Personnel intended to make the certification required by § 526(a).[14] If that was intended the only persons "certified" were the fourteen highest ranking eligibles,[15] since under § 526(b) the Director of Personnel ordinarily has no discretion in determining which eligibles may be certified once they are ranked on the basis of their test results.[16]

Upon receiving the entire list of eligibles the Department of Public Safety convened what it refers to as a "review

[13] "Promotional record" score was the name given by the Office of Personnel to what the DPS Commissioner had called the "Record and Seniority" score.

[14] See text at note 7 supra.

[15] Since there were only twelve openings for sergeant the Director of Personnel could only certify fourteen eligibles for promotion pursuant to the certification limitations contained in § 526(a). See text at note 7 supra.

[16] The only time the Director of Personnel may deviate from the certification limitations of § 526(a) is when there are eligibles with identical rank and eligibility. See text at note 11 supra.

8

board". It consisted of superior officers who conducted interviews of all those interested in becoming a sergeant. Each applicant was given an "interview" score. This score was combined with the score determined by the Office of the Director of Personnel, and a new final score assigned. The new final score, reflecting the "interview" score, moved Bryan from fourth to seventeenth on the list of 34 eligible persons.

The "review board" procedure is not authorized by any statute of the Virgin Islands. It was not approved, either by regulation or informally, by the Director of Personnel. Indeed it could not have been, for no provision in Chapter 25 authorizes the Director of Personnel to delegate the certification of eligibles to the departments whose personnel policies he supervises. The Assistant Attorney General has referred us to no statutory authority for the Commissioner of Public Safety, or any other governmental official or agency, to conduct its own promotional examinations or to change the rankings of persons who qualify for eligibility certification pursuant to § 526(a) and substitute names on a certification list who do not so qualify.[17]

As a result of changes in the eligibility list which we have found to be invalid, twelve officers, not including Bryan, were appointed to sergeant. Most of these officers, if not all, ranked lower than Bryan on the eligibility list prepared by the Office of the Director of Personnel. Bryan petitioned to the GESC for relief from the DPS's decision denying him promotion. Before the GESC he contended (1) that the entire "review board" proceeding was unlawful, and (2) that in any event it had been utilized in a discriminatory manner. The GESC denied relief.

We initially address the jurisdiction of the GESC to

---

[17] Cf. Almestica v. Dept. of Public Safety, 9 V.I.C. 491 (D.C.V.I. 1973) (Commissioner of Public Safety lacks authority to establish a Police Review Board for disciplinary matters and thereby circumvent the rights of policemen under the personnel merit system.)

entertain Bryan's contentions. The GESC is a statutory commission within the office of the Governor.[18] It has both investigatory and advisory jurisdiction[19] and power to conduct hearings authorized by Chapter 25.[20] Among those authorized are appeals by employees affected by the classification or allocation of a position,[21] appeals in cases of proposed dismissal or suspension,[22] and appeals charging discrimination on account of non-merit factors.[23]

---

[18] 3 V.I.C. § 451.

[19] Id. at § 472.

[20] Id. at § 473.

[21] (a) Any employee affected by the classification or allocation of a position shall file with the Director of Personnel a written request for review of such classification or allocation, within thirty (30) days thereafter and shall be given a reasonable opportunity to be heard thereon. The Director of Personnel shall make a prompt review and notify the employee in writing of his decision.

(b) Any employee who, after appealing to the Director of Personnel or his duly authorized representative for an adjustment of his classification or allocation, continues to be dissatisfied therewith, may appeal to the Governor within 10 days after the decision of the Director of Personnel. The Governor shall refer the appeal to the Government Employees Service Commission, which shall conduct a hearing on such appeal within 30 days after the filing of the appeal, at which the employee may be present, and shall make a recommendation in the matter within 10 days after the close of the hearing. In its recommendation, the Commission may grant or deny the request of the appellant, or allocate his position to a higher classification or pay grade. All recommendations of the Commission in such appeals shall be submitted to the Governor for final decision, which shall be made within 30 days.
Id. at § 496(a), (b).

[22] Id. at § 530. We note that although § 530(a) refers to appeals the proceeding is actually a hearing. See § 530(b).

[23] (a) No question in any form of application or in any examination shall be so framed as to elicit information concerning the political or religious opinions or affiliations or race of any applicant, nor shall any inquiry be made concerning such opinions or affiliations, and all disclosure thereof shall be discountenanced. No discriminations shall be exercised, threatened, or promised by any person in the government service against or in favor of any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action, because of political or religious opinions or affiliations or because of race, national origin, *or any other nonmerit factor.*

(b) Any applicant or employee who has reason to believe that he has been discriminated against because of religious or political opinions or affiliations or race or national origin in any personnel action may appeal to the Commission. The appellant and the person responsible for the alleged discriminatory action shall have the right to be heard and to present evidence. If the Commission finds that there was discrimination on any of the above nonmerit factors it shall order appropriate corrective action and its decision shall be final.
Id. at § 531(a), (b) (Emphasis added).

While the language of the three sections authorizing hearings is not free from ambiguity, it would appear that the overall legislative intention was to vest in the GESC jurisdiction to hear disputes over classification, discharge or suspension, or the application of non-merit factors in promotion or hiring. The latter jurisdiction is found in § 531. That section does not define a non-merit factor. In the context of this case, however, it takes on meaning from the other provisions of Chapter 25. A non-merit factor must mean a factor other than "merit and fitness, to be ascertained by competitive examinations."[24] We conclude, then, that the GESC had jurisdiction to consider both the contention that the entire "review board" proceeding was unlawful, and the contention that it had been utilized in a discriminatory manner.

At Bryan's hearing the Department of Public Safety, although disputing the scope of the GESC's remedial authority, conceded jurisdiction over both claims,[25] and the GESC assumed such jurisdiction.[26] The GESC found:

"Appellant Adelbert M. Bryan received the same consideration treatment and procedures as all other eligible candidates."

Relying on this finding the GESC dismissed Bryan's appeal "for insufficient evidence of discrimination." The GESC opinion did not specifically address the contention that the "review board" procedure was unlawful. But implicit in its finding that Bryan had not been discriminated against since he had received the same consideration as all other eligible candidates, including the twenty eligibles who could not properly be certified for promotion consideration, is the holding that the board review procedure was valid. It is

---

[24] Id. at § 521.

[25] App. B. at 136–37.

[26] In its opinion the GESC concluded:

"1. The Government Employee's Service Commission has jurisdiction to hear this Complaint of discrimination resulting in non-promotion of the Appellant, pursuant to Title 3 V.I.C. § 531, which proscribed discrimination on the basis of certain enumerated bases, 'or any other non-merit factors.'"

clear, then, that the GESC rejected both of Bryan's contentions.

Bryan's petition for a writ of review raised both issues. The district court affirmed the GESC dismissal. It concluded that substantial evidence in the record supported the Commission's finding that Bryan received the same consideration treatment and procedures as all other candidates. With respect to the claim of illegality in the appointing process the court reasoned:

"It cannot be reasonably expected that decisions regarding the promotion of a police officer can be made solely on the basis of factors which readily lend themselves to numerical ratings."

We concede that there is much to be said for a legislative judgment that the qualities which make for a good police sergeant cannot readily be quantified. But the legislature of the Virgin Islands has made the legislative judgment. It has placed policemen in the classified service, with promotion to be made on the basis of merit "to be ascertained by competitive examinations." And it has vested the examining authority not in a "review board" in the Department of Public Safety, but in the Director of Personnel. The only discretionary authority in the Commissioner of Public Safety (assuming he was the appropriate appointing authority) was to select from the first fourteen on the promotion list twelve eligibles for the twelve vacancies.[27]

The procedure used in selecting officers for promotion to sergeant was totally inconsistent with the governing provisions of the Virgin Islands Statutes. Thus we must reverse. Whether, had proper procedures been followed, Bryan would have been appointed from the fourteen properly certified eligibles cannot be determined at the appellate level on the present record. But what is clear is that the GESC erred in denying his appeal, and that the district court erred in affirming that denial. We express

[27] 3 V.I.C. § 526(a), (b).

12

no opinion as to a remedy for the violations we have found since it appears proper to remand to the GESC, the administrative agency with primary responsibility, for its initial consideration of "appropriate corrective action."[28]

The judgment affirming the decision of the GESC shall be reversed and the case remanded to the district court for the entry of an order vacating the GESC order and remanding the proceedings for the entry of an order granting appropriate action to remedy the violations of Chapter 25 which we have found.