**DOMINGO BERMUDEZ, Petitioner**

v.

**CHARLES GRONEVELDT, Commissioner of Public Safety, and GOVERNMENT OF THE VIRGIN ISLANDS, Respondents**

Civil No. 79-79

District Court of the Virgin Islands

Div. of St. Croix

October 2, 1980

JEFFREY L. RESNICK, ESQ., Christiansted, St. Croix, V.I., *for petitioner*

IVE A. SWAN, ESQ., Attorney General of the Virgin Islands, CHARLES R. HUSBANDS, ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for respondents*

CHRISTIAN, *Chief Judge*

## OPINION

This matter is before the Court on a writ of review from a decision of the Government Employees Service Commission (GESC). See 5 V.I.C. App. V, R. 11; 5 V.I.C. § 1421. Domingo Bermudez, a police officer in the Virgin Islands, sought relief before the GESC from the decision of the Department of Public Safety denying him promotion to the rank of sergeant. After the GESC denied Bermudez relief, he petitioned this Court to review the Commission's determination. The decision below will be affirmed.

Petitioner asserts that he was denied his promotion on "nonmerit" factors in contravention of the provisions of the Virgin Islands Code. See 3 V.I.C. § 451 et seq. Furthermore, Bermudez maintains that the action of the GESC was violative of the Court of Appeals' decision in Bryan v. Christian, 550 F.2d 890 (3d Cir. 1977). After a statement of the facts, the Court will point out why petitioner's contentions are ill founded.

On December 13, 1976, petitioner took a competitive examination for promotion to sergeant given by the Division of Personnel. After his raw test score was combined with a merit and fitness examination conducted by the Department of Public Safety, petitioner's name was certified and placed sixth on the promotional list.

When the Commissioner of Public Safety wishes to fill a classified service vacancy he must submit to the Director of Personnel a statement showing the position to be filled and the duties of that position. The Personnel Director will then certify at least three names on the promotional list and send it to the hiring authority

within Public Safety. 3 V.I.C. § 526(b).[1] In October 1978 the former Commissioner of Public Safety notified the Personnel Director that Domingo Bermudez would not be promoted until an internal department matter was resolved.[2] Eight police officers rated lower on the certification list were promoted.

■ In Bryan v. Christian, 550 F.2d 890 (3d Cir. 1977), the Court of Appeals (in a factually similar case) held that consideration of non merit factors for promotions contravenes the Virgin Islands Code. The Legislature has vested the examining authority for the promotions in the Director of Personnel. However, the Commissioner of Public Safety has the power to select and temporarily skip over persons from the promotional list. Id. at 895, see 3 V.I.C. § 526(b).

■ The original list on which Bermudez' name appears has not been replaced. Indeed there is still a vacancy for the position of sergeant. (Tr. 64.) The Code provisions do not mandate that the Commissioner of Public Safety must fill that vacancy at this time, rather the provisions provide that when the position is filled the list containing Bermudez' name must be used. See 3 V.I.C. § 526(b). Therefore petitioner has no right to fault the Department of Public Safety's promotional procedures at this juncture.

## JUDGMENT

This matter came on a Writ of Review of the Government Employees Service Commission. The Court having entered its

---

[1] Section 526(b) provides:

The eligibles certified shall be the highest ranking eligibles willing to accept employment ranked in the following order for certification from employment lists: first, all the eligibles on the appropriate reemployment list, if any; second, those on the appropriate promotion list, if any; third, those on the appropriate employment list. All the names of any list shall be exhausted before any names are certified from any other list, but the names certified may be taken from two or more lists if necessary to make a certification of three eligibles. Names shall be certified from each list in the order of their rank on that list.

If appropriate employment lists do not contain the names of a sufficient number of eligibles willing to accept appointment to make possible the certification of three names, then less than three names may be certified. More than three names may be certified if necessary to insure that all persons of equal rank and eligibility have an equal opportunity to be selected for available vacancies.

Certification shall be made from the appropriate list, but if no such list exists then the Director of Personnel may certify from such other list as is the next most nearly appropriate list.

[2] See Bermudez v. Groneveldt, Decision of the GESC (March 27, 1979).

opinion on this writ and being fully advised in the premises, it is hereby

ORDERED, ADJUDGED AND DECREED that the decision of the Government Employees Service Commission is AFFIRMED.