RICHARD UPSON, COMMISSIONER OF LABOR, Petitioner

v.

JULIEN QUETEL, Respondent

Civil No. 84-173

District Court of the Virgin Islands

Div. of St. Thomas and St. John

May 21, 1984

IVE ARLINGTON SWAN, ESQ., St. Thomas, V.I., *for respondent*

JOHN J. RONCA, ESQ., Assistant Attorney General, St. Thomas, V.I., *for petitioner*

BRENDA J. HOLLAR, ESQ., St. Thomas, V.I., *for Government Employees Service Commission*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

In an undated decision apparently received by the Office of the Attorney General on April 25, 1984, the Government Employees Service Commission ("GESC") found that the disparate treatment accorded respondent Julien Quetel and his co-worker Malcolm Plaskett by their employer, the Department of Labor, was impermissibly based on "non-merit" factors. Explicitly noting that "the Commission does not find that the disparity was based on 'race,'" the GESC ordered corrective action. 3 V.I.C. § 531(b) (1967). Petitioner seeks review and reversal of this decision, 5 V.I.C. § 1421 (1967) and 5 V.I.C. App. V., R. 11 (1982), contending, in essence, that the GESC is authorized to order remedial action only where a government employment decision is based on one of the "non-merit factors" enumerated under 3 V.I.C. § 531(b) (1967).[1] As the GESC explicitly ruled out racial discrimination as the impermissible factor and failed to specify any of the other enumerated non-merit factors, the Commission's decision must be reversed, contends petitioner. We disagree.

We adhere to the construction of § 531 suggested by the Court of Appeals for the Third Circuit in Bryan v. Christian, 14 V.I. 3, 550 F.2d 890 (3d Cir. 1977):

[I]t would appear that the overall legislative intention was to vest in the GESC jurisdiction to hear disputes over classification, discharge, or suspension, or the application of non-merit factors in promotion or hiring.

---

[1] These factors are religious and political opinions and affiliations, race, and national origin.

577

Id. at 11, 550 F.2d at 895. Indeed, in reprinting § 531 in the margin, the Court of Appeals placed italic emphasis on the phrase which belies petitioner's construction of the statute:

> No discriminations shall be exercised, threatened, or promised by any person in the government against or in favor of any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action, because of political or religious opinions or affiliations or because of race, national origin, *or any other nonmerit factor.*

3 V.I.C. § 531(a), quoted in Bryan v. Christian, 14 V.I.C. at 10 n.23, 550 F.2d at 894 n.23 (emphasis added by Court of Appeals).

■ Having concluded that this appeal lacks legal merit, we will dismiss the petition and deny the prayed for writ without full review of the administrative record. See, Windward Passage Hotel v. Government, 1984 St. T. Supp. (D.V.I. Jan. 27, 1984).

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the petition of Richard Upson, Commissioner of Labor, for review of the aforedescribed decision of the Government Employees Service Commission be, and the same is, hereby DISMISSED.