Patrick J. Picariello, J.
Plaintiff moves for summary judgment in an action to recover arrears in support and mainte *825 nance provided for in a separation agreement executed by the parties dated May 8, 1962. The cause is predicated upon defendant’s breach of that covenant in the agreement providing for such support and maintenance.
Defendant’s answer includes, inter alia, an affirmative defense that the ‘ ‘ provision for visitation was and is a condition for the agreement by defendant to pay the plaintiff”.
Having been denied visitation rights, contends the defendant, he is relieved of making any such payments and, on that ground, opposes this application.
The voluminousness of these affidavits would seem to indicate that perhaps there is an issue of fact as to whether or not the defendant’s visitation rights have been interfered with by the plaintiff, thereby creating an issue which might be dispositive of this application.
However, the question first to be determined is whether such an issue, if in fact existent, is a “ triable ” one. Can the defendant litigate this issue in this case on an application of this character and is this court the proper forum?
It therefore behooves the court to examine the separation agreement upon which this action is predicated and the Mexican divorce decree which dissolved the marriage between the parties.
Paragraph “ Fifth” of the agreement provides for the time when, the place where and the manner in which the defendant may exercise his visitation rights.
Paragraph “ Sixth ” of the agreement provides for payment for support and maintenance by the defendant.
Paragraph “ Fifteenth ” of the agreement provides that “ the covenants herein contained are independent covenants”.
Paragraph “ Fourteenth ” of the agreement provides that “ if * * * a final judgment of divorce or dissolution of said marriage is rendered * * * and if in such judgment or decree provisions for the maintenance and support of the wife and children are appropriate or permissible, such judgment or decree shall provide for the support and maintenance of the wife and children according and subject to the terms of this agreement and not otherwise, and this agreement shall be mcorporated in and made a part of such judgment or decree by reference or otherwise, but this agreement shall not be merged in such judgment or decree but shall survive such judgment or decree; and the terms hereof may be enforced by action or proceeding based upon (a) such decree or judgment, (b) this agreement, or (c) both.” (Italics supplied.)
*826 The divorce decree subsequently obtained by the plaintiff, in which proceeding the defendant was represented by counsel, contains the following decretal provision (Par. Third): that the separation agreement ' ‘ is hereby approved and affirmed in all of its parts and made a part of this decree as though herein set forth in full, but it is not merged in it, but survives the same and the parties thereof are hereby ordered to comply with it on its terms at all times and places.” (Italics supplied.)
The language of the subject agreement is explicit and unequivocal. Its construction is a question of law for the court to determine; and since the intention of the parties may be gathered from the instrument itself, no trial is necessary. (See Bethlehem Steel v. Turner Constr. Co., 2 N Y 2d 456, 460.)
This court may not make a new agreement for the parties under the guise of interpreting an agreement actually made (Bregoff v. Rubien, 12 A D 2d 92) much less for the purpose of creating a “ triable ” issue.
Under the circumstances the independent nature of the covenants of the agreement and the incorporation thereof in the divorce decree raise a very serious legal question as to ¡whether the factual issue raised by the defendant is a “ triable ” one and can defeat this application. It is not enough to avoid summary judgment that there be a factual dispute. The issue must be one which the defendant is entitled to litigate; it must appear that he has a defense which is sufficient in point of law.
The court opines that both the covenants in the separation agreement and the decretal provision in the divorce decree render the affirmative defense interposed by the defendant insufficient in law.
Had there been an interdependency of the covenants in the agreement or had the said agreement been merged into the divorce decree and not survived it, the factual issue raised by the defendant would have been sufficient to warrant a denial of this application.
Under the circumstances and, in the absence of a “ triable ” issue, this application is granted. The defendant’s answer is •herby stricken and the Clerk is directed to enter judgment in favor of the plaintiff for the relief demanded in the complaint.
Ironically, paragraph ‘ ‘ Fifth ’ ’ of the agreement recites that ‘ ‘ the parties do hereby acknowledge that the welfare and best interests of the children are of paramount concern and interest to both, and for all intents and purposes they agree that the welfare and best interests of the children would best be served by the custody and visitations provisions herein contained.” The recriminations, hostility and bitterness evidenced by the sworn affidavits submitted by the principals in this litigation *827 belie this acknowledgment. Are the best interests and welfare of the children served by plaintiff’s interference with defendant’s visitation rights, if that is the fact? And does this interference, if factually true, justify defendant’s refusal properly to support and maintain them?
Obviously, neither justifies the other. The court deplores the situation created by either or both of the parties and suggests that they co-operate with each other so that indeed the welfare and best interests of the children be served, a factor which appeared at one time to have been of paramount concern to both parties.