**RHODA GILBERT, Plaintiff**

v.

**HOWARD GIBBS, Defendant**

# Civil No. 17-1969

# Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

# July 18, 1969

HOFFMAN, *Municipal Judge*

MEMORANDUM OPINION

The plaintiff, former wife of defendant, instituted suit in this Court on January 14, 1969 based on a judgment

against the defendant in the Civil Court of the City of New York (Case No. 109087/1966) entered on November 3, 1967 for arrears in child support pursuant to a separation agreement dated November 8, 1960. The defendant was served personally in that action and contested same asserting two affirmative defenses: Failure of consideration and res adjudicata. The former, because of plaintiff's alleged breach of the provision in the separation agreement for visitation rights. The opinion of the Court, Rosenberg, J., together with the Memoranda of counsel in that New York action, have been submitted to this Court by present counsel of the parties.

The defendant herein, contrary to the provisions of Rule 6(b) but on consent of plaintiff, did file an answer to the within suit. The answer, except for admitting that plaintiff resided in New York and defendant in the Virgin Islands denied (Rule 8(b) FRCP) the balance of the allegations of the complaint by averring "defendant is without knowledge or information sufficient to form a belief as to the truth of any of the allegations . . . ." Defendant then set up two counterclaims seeking total damages of $10,000.00 substantially because of the alleged breach by plaintiff of the visitation rights provided for in the separation agreement of November 8, 1960.

The plaintiff's attorneys failed to reply to the counterclaims but, did, on April 28, 1969, file a motion for summary judgment. This Court is cognizant of the usual effect of Rule 8(d) of the FRCP but, in view of the disposition made hereinbelow, denies defendant's urging as set out in his affidavit dated June 3, 1969 "that the plaintiff is in default, and that the defendant is entitled to an inquest in this matter".

The Court digresses here to remark that in light of the increase in the size of the Bar all lawyers in the Terri-

tory might now be well advised to strictly adhere to the Rules rather than to relying on informal agreements between attorneys.

The plaintiff's motion for summary judgment was argued before this Court on June 3, 1969 and taken under advisement. The Court has reviewed all the documents, pleadings and memoranda submitted and after due deliberation grants the plaintiff's motion for judgment and dismisses the defendant's counterclaims.

■ It is the opinion of this Court that (1) the plaintiff in moving for summary judgment has met the burden of establishing that no genuine issue exists between the parties, and that all reasonable doubts have been resolved against the moving party, 3 Barron and Holtzoff, Federal Practice and Procedure, Rules Edition, section 1241, pp. 195–196; and there are no material issues of fact which must be determined by the fact finder. Rule 56, Federal Rules of Civil Procedure; Virgo Corporation v. Ralph M. Paiewonsky, 251 F.Supp. 279, 5 VIR 342, 350, 1966. Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212, 4 VIR 227 (3rd Cir. 1960).

■ The 1967 New York judgment obtained by the plaintiff, being a valid and final personal judgment for the recovery of money (2) is entitled to full faith and credit in this Court. Article IV, sec. 1, Constitution of the United States.

■■ And (3) the defendant is estopped from raising the issues alleged in his counterclaim praying for damages and specific performance of the November 8, 1960 separation agreement, executed between the parties, for alleged breach of visitation and one month custody rights of the defendant. The pleadings, affidavits and papers filed in this matter make it clear that these issues were fully litigated in the prior action and that determination of the issues were essential to the judgment. The Court is of the opinion

that under the doctrine of collateral estoppel the plaintiff has met the burden of establishing that the issues estopped were "essential" to the decision of the prior action. Silberstein v. Silberstein, 218 N.Y. 525, 113 N.E. 495, 1916.

". . . a judgment does not impose an obligation upon a stranger; for reasons of fundamental fairness and perhaps of due process as well, it binds only those who are parties or who are in privity with parties to it." Blanche H. Loper v. Willis Moore, United States Court of Appeals for the District of Columbia, decided March 18, 1969, #21, 830, p. 4.

". . . a party who has had one fair and full opportunity to prove a claim and has failed in that effort should not be permitted to go to trial on the merits of that claim a second time." Ibid. pp. 4–5; citing Bruszewshi v. United States, 181 F.2d 419, 421 (3rd Cir., cert. denied 340 U.S. 865 (1950).

■ The issue of visitation rights and one month summer custody were fully litigated in New York in 1967 and the facts relating thereto were essential to the judgment. This is evident from the finding of the Court that (1) the covenants of the separation agreement were independent, and (2) the separation agreement survived the decree of divorce subsequently obtained and controlled the acts of the parties relating thereto.

In a case with a similar factual situation, Ann Geller v. Edwin Schulman, 257 N.Y.S.2d 632, 1965, the wife, plaintiff, brought an action to recover support arrears against her husband, the defendant. The defendant's answer included the affirmative defense that a provision in a separation agreement, executed between the parties, was a dependant condition for the husband to pay support. And since he had been denied visitation rights by the wife he was not obligated to pay support. The plaintiff moved for summary judgment and it was granted. The court stated that the covenants of the separation agreement were independent, that the decree of divorce, subsequently obtained, incor-

porated the terms of the agreement, but the agreement did not merge and survived the same. The intent of the parties was for the separation agreement to control, the defense of denial of visitation rights was insufficient and there was no triable issue. The Court stated further, indicating the essentiality of the terms of the separation agreement, that if the covenants of the agreement were dependant or if by the terms of the agreement they merged in the decree of divorce, denial of visitation would be a valid defense to the nonpayment of support.

This brings us to the crux of the matter now before the Court, and that is, whether the defendant is estopped from raising the particular issues alleged in his counterclaim re denial of visitation rights and one month's summer custody, damages pertaining thereto and specific performance of the separation agreement relating thereto.

■ The strict technical rule of res judicata requires that four conditions be present: "(1) identity of the subject matter; (2) identity of the causes of action; (3) identity of persons and of parties to the action; and (4) identity of the quality in the persons for or against whom the claim is made." Makariw v. Rinard, 222 F.Supp. 336, 338, E.D. Penn., 1963 (reversed because the plaintiff did not have her day in court on the critical issue).

■■ In reversing, the Court said "the doctrine of collateral estoppel is essentially the same as that of res judicata except that there need not be an identity of causes of action so long as the party foreclosed has had an opportunity to litigate the particular issue in a prior action. It partakes of two counter policies in regard to litigation: (1) that the relitigation of legal issues should be brought to an end; (2) that a party should have the right to appear at least once in order that he may assert his legal rights, i.e. that he may have his 'day in court'. There is no justification for concluding that either policy is to be read as

outweighing the other." Makariw v. Rinard, 336 F.2d 333, 334 (3rd Cir. 1964).

■ The New York Court held that the separation agreement survived the decree of divorce and that the provisions of covenants were independent.

"A judgment in one cause of action is conclusive in a later cause of action as to matters actually litigated therein, but also as to any that might have been so litigated, when two causes of action have such measure of identity that a different judgment in a second (cause of action) would destroy or impair rights or interest established in the first." Schuylkill Fuel Corporation v. B. & C. Nieberg Realty Corporation, Court of Appeals of New York, 165 N.E. 453, 1929.

Applying this rule of law to the instant case, one can see the potential harm to the plaintiff from a relitigation of the issue of visitation and summer custody. As Geller v. Schulman, supra, pointed out, a finding that the covenants of the separation agreement were dependant or that they merged in the decree of divorce would provide the defendant with a defense to the nonpayment of support. This Court would necessarily have to construe the separation agreement in question in order to grant either damages or specific performance as prayed by the defendant. The measure of identity of the two causes of action is thereby established.

Furthermore, the New York Court in page 2 of its opinion, on file before this Court in the instant action, stated that "the testimony showed that the plaintiff was willing to permit the defendant all proper visitation rights within the State of New York. The plaintiff rightfully refused to permit the infant to be taken to the Virgin Islands. It was not intention or within the contemplation of the parties that the infant be taken out of the State of New York and the continental United States for one month in the summer." The court cited Lappert v. Lappert, 20 N.Y.2d 363, 1967 in support thereof.

Lappert v. Lappert, supra, is very much on point to the present action. In that case the wife procured a prior New York judgment of separation providing for support, in which the husband stipulated on the record that support payments would not be affected by any subsequent decree of divorce. The wife subsequently obtained a Mexican divorce decree and thereafter sued the husband for support, under the separation agreement. The husband contested the validity of the separation agreement as determinative of his support obligation, asserting the divorce decree took precedence. The Court held that the husband had waived his right to say the divorce decree took precedence by stipulating the separation agreement's provisions would not be affected by a subsequent divorce decree. Lappert v. Lappert, 20 N.Y.2d 364, 383 N.Y.S.2d 26, 1967. The New York Court by finding that the intent of the parties as expressed in the separation agreement survived and controlled, necessarily had to look at the facts involved to determine if the provisions of the separation agreement had been complied with. It would be inconsistent to uphold the plaintiff respecting the separation agreement as the controlling document in terms of support, visitation and custody, and also find that the plaintiff had violated the covenants of that agreement by her acts. Both parties must be held, therefore, to have fully litigated the merits, on the facts, of any alleged denial of visitation rights and one month's summer custody. Furthermore, these facts were essential to the judgment as actually litigated, and the determination is conclusive between the parties in this action. Restatement of the Law, Judgments, section 68(1), p. 293.

"Where the same facts constitute a ground of defense to the plaintiff's claim and also a ground for a counterclaim, and the defendant alleges these facts as a defense but not as a counterclaim, and after litigation of the defense judgment is given for the plaintiff, the defendant is precluded from maintaining as action against

the plaintiff based on these facts. This is in accordance with the rule as to collateral estoppel stated in sec. 68, that where a question of fact essential to a judgment is actually litigated and determined by the judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action." Restatement of the Law, Judgments, section 58, comment c pp. 232–233.

▉▉▉▉▉ Finally, the laws of set-off, counterclaim and recoupment relate to the remedy and not to the right, and therefore are governed by the law of the place where the action is brought and not by the lex loci contractus, but the effect of the defense must be determined by the lex loci contractus. 80 CJS, Set-Off and Counterclaim, Section 13(b), p. 25. And since the Virgin Islands has no specific law or rule prohibiting counterclaiming on a suit on a foreign judgment, this Court must look elsewhere for assistance. Accordingly, this Court adopts the rule of law as stated by Justice Cardozo when he said "the decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second." Schuylkill Fuel Corporation v. B. & C. Nieberg Realty Corporation, loc. cit., p. 308; Phillip J. McNellis v. First Federal Savings and Loan Association of Rochester, New York, 364 F.2d 251, 256 (2nd Cir., 1966); Boothe v. Baker Industries, Inc., 262 F.Supp. 168, 173 (D.C. Delaware, 1966).

The Court can sympathize with defendant in his desire to improve his relations with and the welfare of his son. However, if the infant son's condition is as indicated in defendant's June 3, 1969 affidavit, then it would seem that defendant should promptly apply to the New York Court —where the child resides—despite the agreement, and let it decide, in light of what defendant claims and let it ascertain the true condition, and remedy it, if warranted.

Counsel for plaintiff will submit judgment in accordance with this Memorandum Opinion including costs and

384

attorney's fee in the sum of One Hundred ($100.00) dollars.