SAMUEL A. HAIZE, d/b/a "MARLENE STORE", Appellant

v.

HANOVER INSURANCE CO. and CARIBBEAN ATLANTIC INSURANCE, et al.

No. 75-2421

United States Court of Appeals

Third Circuit

Argued April 26, 1976

Filed June 2, 1976

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for appellant*

IRWIN J. SILVERLIGHT, ESQ. (NICHOLS & SILVERLIGHT), Christiansted, St. Croix, V.I., *for appellees Hanover Insurance Co. and Underwriters Adjustment Co.*

Before VAN DUSEN, ADAMS and ROSENN, *Circuit Judges*

OPINION OF THE COURT

VAN DUSEN, *Circuit Judge*

Plaintiff-appellant challenges the application by the district court of collateral estoppel in entering judgment for Hanover Insurance Co. and Underwriters Adjustment Co. on the record in this case. We reverse and remand for further proceedings.

On September 9, 1974, a fire broke out and substantially destroyed premises leased by plaintiff Haize from Mary Moorhead. The instant case, alleging three causes of action, was commenced on May 14, 1975. In the first count, Haize sought to recover on a contract of insurance with defendant Hanover the value of the contents of the premises destroyed by the fire. In count two, Haize stated that he believed he was purchasing fire insurance in the amount of $58,000. on the blanket contents of the premises when he transacted business with defendant Caribbean Atlantic Insurance and Sales Agency, Inc. He went on to state that if the insurance as actually sold by Caribbean Atlantic "is not such a contract as was intended to be purchased, then plaintiff claims damages against said . . . defendant. . . ." In the third count, plaintiff sought recovery from defendant Underwriters Adjustment Co. ("UNACO") on the ground that it was unreasonably delaying the adjustment of his fire loss.

Defendants Hanover and UNACO moved for summary

judgment on August 28, 1975, alleging that, in a previous action between Haize and his landlady (Moorhead), it was conclusively determined that Haize had deliberately set fire to the premises on September 9, 1974. Haize v. Hanover Insurance Co., Document 8, Civil No. 75-397 (D.V.I.). These defendants asserted that the findings made in the previous action, Haize v. Moorhead, Civil No. 75-267 (D.V.I.), collaterally estopped Haize from relitigating the above-mentioned determination that he had deliberately set fire to the premises. Hanover and UNACO contended that if collateral estoppel were applied on this issue, then Haize could not recover on his claims as a matter of law. The district court, apparently accepting this contention of the defendants, granted summary judgment dismissing the action as to them on September 29, 1975.

Defendant Caribbean Atlantic filed a motion for summary judgment on September 22, contending that if plaintiff could not recover against the other two defendants, neither could he recover against it. This motion was granted by order of October 3, 1975.

On October 24 plaintiff filed a timely notice of appeal "from that certain order dated September 29, 1975 dismissing the complaint herein." The issues before us, therefore, relate only to defendants Hanover and UNACO.[1]

---

[1] Plaintiff relies in part, in opposing defendants' claim of collateral estoppel, on 1 V.I.C. § 4, which provides:

"The rules of the common law, as expressed in the restatements of the law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply in the absence of local laws to the contrary."

The current restatement rule on collateral estoppel is Restatement of Judgments § 93 (1942), which incorporates a rule of strict mutuality. Generally, the mutuality requirement "prevents a litigant from invoking the conclusive effect of a judgment unless he would have been bound if the judgment had gone the other way." 1B Moore's Federal Practice, ¶ 0.412[1] (1974). Defendants contend that the contractual relationship between Hanover and Haize created the requisite privity. The relationship between Haize and Hanover, however, is irrelevant for purposes of the mutuality requirement. This point is made clear by Judge Goodrich:

"My view of the law is that a man having had his day in court is collaterally estopped by the judgment rendered in the lawsuit as against his

 The prior adjudication, Haize v. Moorhead, involved inter alia, a claim by the owner of the burned premises against Haize, her tenant, for the damage done by the fire. The issue to be resolved in the adjudication of this claim was whether Haize caused the fire. This issue was resolved adversely to Haize in a trial to the court before a municipal court judge. The municipal court trial judge did not purport to resolve the very distinct issue of whether Haize intentionally set the fire, or whether he merely negligently caused the fire.[2] He stated in the last sentence of his FINDINGS OF FACT:

---

opponent. He is likewise estopped as to persons sufficiently close to that opponent to make it fair to have the estoppel run against them also. This last phrase is, I take it, what is meant by 'privity.' "
Bruszewski v. United States, 181 F.2d 419, 423 (3d Cir. 1950) (concurring). Thus, for purposes of the mutuality doctrine, the relevant relationship is that between Hanover and Haize's opponent in the prior action (Moorhead). In no sense can it be said that Moorhead and Hanover were privies for the purposes of the instant case.

Since Hanover and UNACO were neither parties nor privies in Haize v. Moorhead, it is clear that they could not have been bound by a determination favorable to Haize, and therefore they fail to meet the Restatement's mutuality prerequisite to the application of collateral estoppel.

The once widely accepted mutuality doctrine has lost much of its persuasiveness with the state and federal courts of the United States, starting with the germinal decisions in Bernhard v. Bank of America, 19 Cal.2d 807, 122 P.2d 892 (1942), and Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950). See, e.g., Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1972); Katz v. Carte Blanche Corp., 496 F.2d 747, 759–60 (3d Cir. 1974); B. R. DeWitt, Inc. v. Hall, 19 N.Y.2d 141, 225 N.E.2d 195 (1967); 31 A.L.R.3d 1044 (1970). It could be argued that the 1942 Restatement of Judgments no longer expresses the rules of the common law to the extent it requires mutuality, and that therefore the common law "as generally understood and applied in the United States" governs. See James v. Bailey, 10 V.I. 382, 387 (D.V.I. 1974). It is noted that in Restatement (2d) of Judgments § 88 (Tent. Draft No. 2, 1975), mutuality is not required for the application of collateral estoppel. We need not resolve this question in this case, for even if the mutuality requirement no longer applied in the Virgin Islands the defendants would still not be entitled to summary judgment on the basis of collateral estoppel in view of this record.

[2] Tr. at 123, Haize v. Moorhead, Case No. 618B/1974 (Mun. Ct. of Christiansted, St. Croix, V.I., 1975); Findings of Fact and Conclusions of Law in Haize v. Moorhead, Case No. 618B/74 (Mun. Ct. of Christiansted, St. Croix, V.I., 1975), reprinted in appellees' appendix at 3A. Haize v. Hanover Ins. Co., 3d Cir., No. 75-2421.

Haize appealed the Moorhead case to the district court, which has appellate jurisdiction to review the judgments and orders of the Municipal Court in all civil cases. 4 V.I.C. § 33. The district court apparently misunderstood the Municipal Court's finding and believed it to have been that Haize intentionally set the fire. It found that there was sufficient

"On the basis of the preponderance of the evidence the Court finds that the charge of plaintiff's being responsible for the fire was substantiated."[3] (Appendix of appellees at 3A)

Restatement of Judgments § 68(1) (1942)[4] states:

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action . . . ."

Thus, there are at least four requirements which must be met before collateral estoppel effect can be given to a prior action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior

---

evidence to support that supposed finding. Haize v. Moorhead, Civil No. 1975-267 (D.V.I., Aug. 8, 1975). Since the district court's review was limited to that of an appellate court, it was without power under the circumstances of this case to alter the Municipal Court's findings in the manner it inadvertently did.

[3] In oral findings made immediately after the trial, the trial judge said:

"Now, we have a situation where it is claimed that Mr. Haize set fire, negligently or intentionally, to Mrs. Moorhead's premises. . . .

"Now, the question is: Could we lay this fire at the hands of Mr. Haize? I have already evaluated the different things that Mr. Haize had in his mind. He was in financial difficulty; he said he was searching for an apartment—of course, I say this is not conclusive; there weren't any newspapers there when his wife left; there were some cans in the home; his children were taken to the movies; there was proof which went in without objection—I don't know whether anxious is the word—that he was anxious to collect the $58,000 in insurance. Because the testimony was that after the fire he reported the fire, and within two weeks he went to the Consumers Service Administration, and a person who was described as being connected with the Consumers Service Administration is supposed to have contacted his insurer about settling the claim. I don't know if that is the thing to do or not, but all of these items, they're certainly very damning on the part of Mr. Haize.

"It may be that Mr. Haize was looking for a place even before, but in a civil case I am only determining where the greater weight of the evidence, where the evidence preponderates, and the evidence preponderates in favor of Mrs. Moorhead and against Mr. Haize.

"So, from the evidence produced I would have to say that Mr. Haize is liable to Mrs. Moorhead, in addition to the rent."

Tr. at 123–27, Haize v. Moorhead, Case No. 618B/1974 (Mun. Ct. of Christiansted, St. Croix, V.I., 1975).

[4] Restatement (2d) of Judgments § 68 (Tent. Draft No. 1, 1973), contains the same requirements as the original § 68 in almost identical language.

judgment.[5] At least two of the requirements for the application of collateral estoppel were not met in this case: (1) the issue sought to be precluded was not the same as that involved in the prior action; and (2) even if it could be said that the issue of intent was decided against Haize in the Moorhead case, that determination was not essential[6] to the prior judgment. The judgment in Haize v. Moorhead, therefore, cannot collaterally estop Haize from litigating in this action the question of whether he intentionally set the fire.

For the foregoing reasons, the judgment of the district court will be reversed, and the case remanded for further proceedings consistent with this opinion.

---

[5] See 1B Moore's Federal Practice, ¶ 0.433 (1974).
[6] See Restatement of Judgments § 68, comment o (1942).