**PRISCILLA E. CLARENBACH, Plaintiff**

v.

**CONSOLIDATED PARTS, INC. and
ALFRED LOCKHART, Defendants**

Civil No. 432/1978

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 19, 1980

FREDERICK G. WATTS, ESQ., Charlotte Amalie, St. Thomas, V.I., *for plaintiff*

RONALD T. MITCHELL, ESQ., Charlotte Amalie, St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This action is before the Court on plaintiff's Motion for Summary Judgment. The case presents the question whether a party who has had an issue of fact adjudicated adversely to it in a prior proceeding may be collaterally estopped from relitigating the same issue in a separate action brought by a new party.

At issue in this proceeding is the right to collect rent for certain areas of a service station complex, located on Parcel No. 14-94 Estate Thomas No. 6E, New Quarter, St. Thomas, Virgin Islands, further described as:

> another space adjacent to one of the lube bays for the storage of tires plus an aluminum shed mounted on pipers . . .

Plaintiff argues that precisely the same issue was fully litigated and finally determined in the cases of Consolidated Parts, Inc. v. Potter, Civil No. 642/1975 (Terr. Ct. of the V.I., Div. of St. T. & St. J., Feb. 10, 1977) (hereinafter Potter); and Clarenbach v. C.P.I. Thus, plaintiff maintains that defendant Lockhart should be estopped from relitigating it here. The Court concurs, and for the reasons stated herein, summary judgment on plaintiff's claim for debt will be granted.

126

Despite having generated a substantial amount of litigation, the facts of this case are relatively straightforward.[1] Defendant Lockhart is the owner of Parcel No. 14-94, which encompasses several distinct structures and work spaces including: a gasoline service station building, two lube bays, an area for tire storage, and an aluminum shed mounted on pipers. Additionally, to the rear of these structures is a one-story office and warehouse building.

Lockhart executed two leases on June 25, 1970 which completely demised Parcel No. 14-94 and the structures thereon. In clear and unambiguous terms, he leased to Consolidated Parts, Inc. (hereinafter C.P.I.) the one-story warehouse building at the back of the site. He leased the remainder of the premises, which included the entire service station complex, to Mobil Development, Inc. (hereinafter Mobil), for a term of 12 years. By a virtually simultaneous agreement, C.P.I. arranged to sublease Mobil's interest in the parcel, and effectively occupied the entire site.

In July of 1973, Mobil cancelled its sublease with C.P.I. and entered into a new agreement with Roy Potter. However, C.P.I. failed to vacate two areas in Mobil leasehold which it originally occupied pursuant to its sublease: the aluminum shed on the south side of the station and the small building adjacent to one of the lube bays for tire storage. It appears that Potter was unaware that his sublease with Mobil entitled him to possession of these two areas until the issue was actually litigated in Potter, supra[2]

Potter's sublease was eventually terminated and on July 7, 1975 Mobil assigned its prime lease to Priscilla Clarenbach. On November 7, 1975, Clarenbach instituted her own action against C.P.I. to recover possession of the shed and tire storage space, and for damages flowing from C.P.I.'s wrongful occupancy. The Court found for Clarenbach. See Clarenbach v. C.P.I., supra.[3]

---

[1] The following statement of facts is based upon the particularly lucid explanation set forth in Lockhart & C.P.I. v. Clarenbach, Civ. No. 76-649 (D.V.I., Div. St. T. & St. J., May 19, 1978). See footnote 3, infra.

[2] The Potter case was instituted by C.P.I. to collect a debt, unrelated to the present cause. The issue of the rights to possession of the areas here in question was presented in the context of Potter's counterclaim. Lockhart intervened in the action, arguing that these areas were not intended to follow the Mobil lease. Potter succeeded on the merits of his claim and was entitled to recover from C.P.I. for the period of its wrongful occupation. The case was appealed to the District Court of the Virgin Islands, where it was, in all respects, affirmed. See Consolidated Parts, Inc. v. Potter, Civ. No. 642/1975 (D.V.I., Div. of St. T. & St. J., July 23, 1978).

[3] Lockhart attempted to intervene in this action but his motion under Fed. R. Civ. P. Rule 24 was denied as untimely. Clarenbach's right to possession of these two

In the present action, plaintiff Clarenbach attempts to collect rent for use and possession of the tire storage space and the aluminum shed for an 18-month period from March 1977 until September of 1978. The tenant during this time, Backstreet Service Station, Inc., states by affidavit of its officer, Elsie Feliciano, that regular payments of rent for this space were made to defendant Lockhart. Plaintiff now seeks restitution of these payments arguing that Lockhart's liability is conclusively established based upon the finding in Potter, and Clarenbach v. C.P.I.

The trial court and appellate decisions in the cases of Potter and Clarenbach v. C.P.I., unanimously hold that the right to possess or to collect rent for the contested space, derives from the 1970 lease between Mobil and Lockhart. However, the Court's analysis today will focus primarily on the Potter decision simply because defendant Lockhart was permitted to intervene and participate in the Potter case and did fully litigate the issues therein. He did not have full opportunity to litigate the issues in Clarenbach v. C.P.I.[4]

■■ The concept of collateral estoppel or issue preclusion encompasses two competing concerns: "that the relitigation of legal issues should be brought to an end," and "that a party should have the right to appear at least once in order that he may assert his legal rights" and have his day in court. Makariw v. Renard, 336 F.2d 333 (3d Cir. 1974); Gilbert v. Gibbs, 7 V.I. 375 (Mun. Ct. of V.I., Div. of St. T. & St. J., July 18, 1969). Its twofold purpose, as interpreted by the United States Supreme Court, is calculated to protect "litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979).

■ The rule of collateral estoppel enunciated in the Restatement of Judgments § 68(1) (1942) provides:[5]

---

areas, as assignee of Mobil's interest, was affirmed by the District Court in Lockhart & C.P.I. v. Clarenbach, Civ. No. 76-649 (D.V.I., Div. St. T. & St. J., May 19, 1978) and in turn, by the Third Circuit Court of Appeals in Clarenbach v. C.P.I., 600 F.2d 1039 (3d Cir. 1979).

[4] Refer to the text of footnotes 2 & 3.

[5] Pursuant to 1 V.I.C. § 4 the rules of the common law, as expressed in the Restatements of Law approved by the American Law Institute shall be the rules of decision in the courts of the Virgin Islands, absent local laws to the contrary. But see Varlack v. S.W.C. Caribbean, Inc., 13 V.I. 666, 550 F.2d 171 (3d Cir. 1977).

Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action.

This statement of the rule was adopted virtually without change in the Restatement (Second) of Judgments § 68 (Tent. Draft No. 1, 1973). The original Restatement provision admits of certain exceptions to the rule as does § 68.1 of the Tentative Draft, however, none of the enumerated considerations are relevant to the instant action.

■■ The Third Circuit Court of Appeals examined the Restatement rule in Haize v. Hanover Insurance, 13 V.I. 327, 536 F.2d 576 (3d Cir. 1976) and found that there exists at least four requirements which must be met before collateral estoppel effect can be given to prior judgment:

(1) the issue sought to be precluded must be the same as that involved in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment.

Matter of Ross, 602 F.2d 604 (3d Cir. 1979); In re Piper Aircraft Dist. Sep. v. Piper Aircraft, 551 F.2d 213 (8th Cir. 1977). All four of these elements are satisfied in the context of the present case and the prior adjudication in Potter. The issue presented herein, the right to possession or to collect rent for the area described as the tire storage building or space and the adjacent shed is precisely the same issue raised and actually resolved in Potter. In a final judgment on the merits, rendered by a court which had jurisdiction over both the subject matter and the parties, the Potter court "determined that Mobil's lease in 1970 with Lockhart entitled it to possession of the small building and open shed on the south side of the station," and further found that "the defendant (Potter) acquired the same right under his sublease in 1973." Without question this determination was essential to judgment upon Potter's counterclaim. Potter, supra; Moore v. Moore & Marano, Civ. No. 72/203 (D.V.I., Div. of St. C., Sept. 6, 1976). It is clear, under the Rule of § 68, and in the absence of any persuasive countervailing considerations, that Lockhart would be estopped from relitigating this issue with Potter. But the question this Court must resolve is whether he is likewise precluded from arguing anew the issue with Clarenbach, a stranger to the Potter decision.

129

Because this controversy involves an attempt to invoke collateral estoppel offensively, by one not a party to the prior adjudication, the court's analysis cannot end here. At least a brief discussion of the doctrine of mutuality of estoppel and the offensive use of estoppel by a non-party is required.

The Restatement of Judgments § 93 (1942) incorporated a rule of strict mutuality. "Unless both parties (or their privies) in a second action are bound by a judgment in a previous case, neither party (nor his privy) in the second action may use the prior judgment as determinative of an issue in the second action." Blonder-Tongue Lab, Inc. v. University of Illinois Foundation, 402 U.S. 313 (1971). This mutuality rule is rooted in the notion that it is unfair to allow the invocation of a prior decision by a party who is not, at the same time, actually bound by it. Thus, adherence to this requirement would provide "a party who has litigated and lost in a previous action an opportunity to relitigate identical issues with new parties." Parklane Hosiery Co. v. Shore, supra.

Mutuality of estoppel as a prerequisite to the application of the doctrine of collateral estoppel has been widely criticized and frequently is disregarded. The Restatement (Second) of Judgments § 88 (Tent. Draft No. 2, 1975) has abandoned the requirement altogether.

The Third Circuit Court of Appeals, while declining actually to resolve the question of the status of this doctrine in the Virgin Islands, noted in Haize v. Hanover Insurance Co., supra, that:

> [i]t could be argued that the 1942 Restatement of Judgments no longer expresses the rules of the common law to the extent it requires mutuality, and that therefore the common law as generally understood and applied in the United States governs.

In Varlack v. S.W.C. Caribbean, Inc., 13 V.I. 666 (3d Cir. 1977) the Third Circuit Court of Appeals reiterated that 1 V.I.C. § 4 does not mandate strict adherence to old Restatements which no longer accurately reflect the state of the common law. See also Murray v. Beloit Power Systems, Inc., Civ. No. 76/539 (D.V.I. Div. of St. C., May 25, 1978).

It is the opinion of this Court, particularly in light of the recent Supreme Court decisions on the subject, that the Restatement (2d) of Judgments § 88 (Tent. Draft No. 2, 1975) supersedes the position adopted by the first Restatement with respect to application of collateral estoppel by a non-party. See Parklane Hosiery

Co., Inc., supra; Blonder-Tongue, supra; and the Reporter's Notes to § 88 of the Restatement (2d) Judgments (Tent. Draft No. 2, 1975). Accordingly, plaintiff Clarenbach will not be foreclosed on mutuality grounds.[6]

Section 88 of Tentative Draft number 2, entitled: "Issue Preclusion Subsequent Litigation with others, provides, inter alia, that:

> A party precluded from relitigating an issue with an opposing party, in accordance with §§ 68 and 68.1, is also precluded from doing so with another person unless he lacked full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him an opportunity to relitigate the issue . . .

The rule goes on to state that the circumstances to be weighed by the Court include all those enumerated and previously considered under § 68.1 in addition to seven others. Of these considerations deemed relevant to issue preclusion by a non-party, only one, § 88(3) is applicable to this case and deserving of closer examination.

 Section 88(3) poses the question of whether the person seeking to invoke favorable preclusion could have effected joinder in the first action. The explanation provided in comment e states that:

> [A] person in such a position that he might ordinarily have been expected to join as plaintiff in the first action, but who did not do so may be refused the benefits of "offensive" issue preclusion where the circumstances suggest that he wished to avail himself of the benefits of a favorable outcome without incurring the risk of an unfavorable one.

This requirement is significant and it underscores one of the important distinctions between the defensive and offensive application of collateral estoppel. Used defensively, collateral estoppel prevents a defendant from relitigating an issue simply by switching opponents. Bernhard v. Bank of America Nat. Trust and Savings Assn., 122 P.2d 892 (Calif. 1942). Thus, when a plaintiff fails to join all potential defendants in one action, the interests of judicial economy are served by precluding him from relitigating identical issues in a second suit.

---

[6] The question of whether plaintiff Clarenbach could be considered bound by the decision in Potter for purposes of mutuality of estoppel has not been adequately briefed by the parties to this action and the Court declines to resolve that issue here. Moreover, such a determination is rendered unnecessary by the Court's decision to abandon the requirement.

■ From a policy perspective, the outcome is quite different where, as in this case, estoppel is asserted offensively. This type of issue preclusion involves a plaintiff who is seeking to estop a defendant from relitigating an issue which he litigated and lost against a different plaintiff in a prior proceeding. When a plaintiff who could have effected joinder in the first action declines to do so, and instead brings an independent action asserting the prior judgment offensively against the original defendant, relitigation of particular issues may indeed be precluded. However, the ultimate effect is to produce an increase in the overall amount of litigation. Conservation of judicial resources, an important function and goal of collateral estoppel, is clearly not furthered by encouraging the use of collateral estoppel in this manner.[7]

■ The provisions of § 88(3) attempt to guard against a deliberate abuse of offensive collateral estoppel. Accordingly, a plaintiff who seeks to avail himself of a favorable prior judgment against his opponent without being bound by it should his opponent win, may, in the discretion of the Court, be denied the benefits of offensive estoppel. Parklane Hosiery v. Shore, supra.

■ It is apparent that Clarenbach could have attempted intervention in Potter, but opted instead to file her own action. See Clarenbach, supra. Nothing in the record suggests, however, that by this tactical choice plaintiff Clarenbach was engaging in the kind of deliberate "waiting game" § 88(3) seeks to curtail. Clarenbach's independent action for possession was, in fact, filed the same day as Potter's counterclaim. Accordingly, in this Court's opinion, the mere fact that plaintiff did not attempt to intervene in Potter is insufficient grounds to deny her the benefits of the procedural effect of that judgment.

■ Lockhart has had his day in Court on the issue of the right to collect rent or to possess the contested areas. Finding no compelling countervailing circumstances which would mandate a different result, the Court will adhere to the principle announced by the Third Circuit Court of Appeals in Bruszewski v. U.S., supra,

> A party who has had one fair and full opportunity to prove a claim and has failed in that effort, should not be permitted to go

---

[7] Notwithstanding this distinction the Restatement's position is that "there is no intrinsic difference between offensive as distinct from defensive issue preclusion, although a stronger showing that the prior opportunity to litigate was adequate may be required in the former situation than in the latter." See Reporter's Note to Restatement (2d) of Judgments (Tent. Draft No. 3, 1976).

to trial on the merits of that claim a second time. Both orderliness and reasonable time saving in judicial administration require that this be so unless some overriding consideration of fairness to a litigant dictates a different result in the circumstances of a particular case.

Based upon the findings in Potter, and the foregoing analysis the Court concludes that plaintiff Clarenbach was entitled to the rent generated by the use of the tire storage building and adjacent shed during the time period relevant to this action.

The affidavits of Elsie Feliciano state that rent from Back Street Service Station, Inc., was paid to Alfred Lockhart for a period of 18 months at the rate of $300.00 per month. Cancelled checks, bearing the endorsement of Alfred Lockhart have been submitted to substantiate this claim.

Affiant Feliciano identifies these documents as "true copies of the checks which were given to Alfred Lockhart in payment of rent for the aforementioned portion of Parcel No. 14-94 for the period from March of 1977 through September of 1978."

Lockhart has failed to submit countervailing affidavits or other good and sufficient evidence challenging either the fact of or the amount of these rental payments. 5 V.I.C. App. I, R. 56(e), 5 V.I.C. App. IV, R. 7. Defendant may not rely upon the allegations of his pleading to establish the existence of a genuine issue of material fact. Trupp v. Kalik, Civ. No. 316/1979 (Terr. Ct. of V.I., Div. St. T. & St. J., March 10, 1980); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2739 (1973).

Clarenbach's claim supported by the specific averments of Elsie Feliciano's affidavits remains unchallenged for purposes of this Summary Judgment Motion. Accordingly, the Court must find, as a matter of law, that plaintiff is entitled to restitution of rent in the amount of $5,400.00, wrongfully paid to and withheld by defendant Lockhart.