**HESS OIL VIRGIN ISLANDS CORPORATION, Plaintiff**

v.

**INGERSOLL–RAND COMPANY, Defendant/Third-Party Plaintiff**

v.

**UNIVERSAL OIL PRODUCTS COMPANY, LITWIN CORPORATION and CREOLE PRODUCTION SERVICES, INC., Third-Party Defendants**

Civil No. 1979/178

District Court of the Virgin Islands

Div. of St. Croix

October 27, 1983

VINCENT A. COLIANNI, ESQ. (ISHERWOOD HUNTER AND COLIANNI), Christiansted, St. Croix, V.I., *for defendant Ingersoll*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant Litwin*

ALBERT A. SHEEN, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant Creole*

BRITAIN H. BRYANT, ESQ., Christiansted, St. Croix, V.I., *for plaintiff Hess Oil Virgin Islands Corporation*

JOEL W. MARSH, ESQ., Charlotte Amalie, St. Thomas, V.I., *for third-party defendant Universal*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

Before the Court is the motion of defendant Universal Oil Products, Inc. (hereinafter U.O.P.) for summary judgment on Count VI of the amended complaint. Fed. R. Civ. P. 56.

In this action for damages sustained by plaintiff Hess Oil Virgin Islands Corporation (hereinafter Hess) as a result of an explosion and fire at its St. Croix refinery, Hess alleges that it was provided with a defective product by U.O.P. and that the explosion and fire were caused by the said defective product. Count VI of its amended complaint asserts a strict products liability cause of action against U.O.P. In its motion for summary judgment, U.O.P. argues 1) that it provided a professional service to Hess and not a "product" within the contemplation of section 402A of the Restatement (Second) of Torts and 2) that this Court should adopt the rationale of an order of the United States District Court for the Northern District of Oklahoma in which that Court decided, in a case U.O.P. claims involved the same parties and issues, that Hess was precluded from asserting

351

a strict liability cause of action against U.O.P. Hess, of course, opposes the motion in all respects.

U.O.P. holds the patent to several refining processes which it licenses to the petrochemical industry. Hess and U.O.P. entered into a series of contracts under which U.O.P. provided Hess with the designs and specifications for the U.O.P. Hydrobon process, a method of desulfurizing oil. This Hydrobon process contemplated the construction of a unit known as the Distillate Unifining Unit no. 2 (hereinafter D.U.2). Hess had the D.U.2 constructed by sub-contract with the Litwin Corporation, under the supervision of engineers from U.O.P.

Two of the many contracts between Hess and U.O.P. concerning the Hydrobon process are at issue here: 1) An "engineering agreement," dated October 15, 1967, and 2) a "guarantee agreement" of the same date. Paragraph 7 of the engineering agreement provides, in pertinent part:

> (a) . . . UOP's total liability for breach of the foregoing warranty, if any, or otherwise for any losses, damages, claims or demands arising out of the work and services performed by it under this agreement, shall be limited in total of one-half of the payments made to UOP by REFINER under paragraph 1 of Schedule D attached hereto for work and services performed by UOP under Article 1 hereof in respect of the Unit for which such work and services shall have been performed and provided that any such claim or demand shall be made in writing to UOP prior to the termination of this agreement with respect to such Unit.
>
> * * *
>
> (e) UOP shall not be responsible or liable for (i) defective material and equipment, or (ii) property damage or bodily injury arising out of the work and services performed under this agreement unless caused by the willful acts or negligence of UOP. Except as otherwise provided in this Article 7, UOP shall not be liable for or obligated in any manner to pay any losses, damages, claims or demands arising out of the work and services performed by it under this agreement. In no event shall UOP be liable for or obligated in any manner to pay any consequential or indirect damages.

Paragraph 7 of the guarantee agreement states in part:

> (e) . . . UOP shall not be responsible or liable for defective material and equipment or for the workmanship, willful acts or

negligence of any contractor or person other than UOP in connection with the construction, erection, alteration, maintenance, repair and operation of the Unit.

(f) Except to the extent herein expressly provided, UOP shall not be liable for or obligated in any manner to pay any losses, damages, claims or demands, arising out of the work and services performed by it hereunder or resulting from its failure to meet the guarantees herein made. In no event shall UOP be liable for or obligated to pay in any manner any consequential or indirect damages.

In a case docketed at No. 75-C-383-C in the United States District Court for the Northern District of Oklahoma, Chief Judge H. Dale Cook held, in an Order dated November 9, 1979, that provisions in two contracts between Hess and U.O.P. (concerning another licensing agreement between the parties) precluded Hess from asserting a strict products liability cause of action in a suit by Hess against U.O.P. That case, Hess Oil Virgin Islands Corp. v. Universal Oil Products, was an action by Hess Oil against U.O.P. over the alleged failure of another unit designed by U.O.P. for Hess. The relevant liability provisions of the contracts therein involved were identical to the provisions involved in the instant case. After examining the law on the subject and the particular language of those provisions, Chief Judge Cook stated, at page 14 of his November 9, 1979, order:

These agreements clearly indicate the intention of the parties that UOP would be liable for its work and services only in the event of the willful acts or negligence of UOP employees. This precludes Hess' assertion of a strict liability cause of action in the instant case . . . .

U.O.P. now urges that we follow the order of the Oklahoma District Court and, alternatively, argues that what U.O.P. provided to Hess was not a product within the meaning of section 402A. Hess argues that the Oklahoma District Court erroneously construed the contract before it and that U.O.P. did indeed provide a product to Hess for which U.O.P. is answerable in an action under section 402A. What this Court must determine, therefore, is firstly, whether the decision of the District Court for the Northern District of Oklahoma is or should be controlling in the instant case, and secondly, if not, whether U.O.P. provided a product within the meaning of section 402A of the Restatement (Second) of Torts.

Before collateral effect may be given to a prior action, four requirements must be met, namely: 1) the issue sought to be pre-

cluded must be the same as that involved in the prior action; 2) that issue must have been actually litigated; 3) it must have been determined by a valid and final judgment; and 4) the determination must have been essential to the prior judgment. Haize v. Hanover Insurance Co., 536 F.2d 576, 13 V.I. 327 (3d Cir. 1976), citing 1B Moore's Federal Practice ¶0.433 (1974). All of these requirements are satisfied in this case with the possible exception of the third requirement: that of a final judgment. The parties have indicated in their memoranda that there are post trial motions pending in the Oklahoma case and that the time for appeal has yet to run. Hess argues that it is "axiomatic" that a judgment is not final when there are post-trial motions outstanding, and that therefore the Oklahoma decision cannot have collateral estoppel effect on this action. However, a closer analysis of the meaning of "final judgment" for purposes of collateral estoppel shows us that the proposition advanced by plaintiff is far from "axiomatic." Section 13 of the Restatement (Second) of Judgments states:

§ 13. Requirement of Finality

The rules of res judicata are applicable only when a final judgment is rendered. However, for purposes of issue preclusion (as distinguished from merger and bar), "final judgment" includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.

Comment (f) to section 13 states in part:

A judgment otherwise final for purposes of the law of res judicata is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment nonfinal . . . .

There have been differences of opinion about whether, or in what circumstances, a judgment can be considered final for purposes of res judicata when proceedings have been taken to reverse or modify it by appeal. The better view is that a judgment otherwise final remains so despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.

The same position is taken in Moore's Federal Practice. In volume 1B Professor Moore states:

A motion to set aside, vacate, or amend a judgment, or an appeal from the judgment, does not, under the federal rule, disturb the judgment's conclusive effect, unless the appeal is triable de novo.

1B Moore's Federal Practice ¶0.416[1]. See also id. at ¶0.416[3] and cases cited therein. Considering these authorities, we feel that the November 9, 1979, decision of Chief Judge Cook of the Oklahoma case, precluding Hess from asserting a products liability cause of action against U.O.P., is sufficiently final to be given collateral estoppel effect.

■ We disagree with plaintiff's further contention that the two claims (the one in Oklahoma and the instant claim) are "substantially unrelated." Even though the two suits involve separate contracts, the pertinent provisions construed with regard to the products liability cause of action, in both the Oklahoma case and the instant case, are identical. The fact that the claims were based on different occurrences does not affect the legal interpretation of these contract clauses. The motion for summary judgment will be granted.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant Universal Oil Products, Inc., for summary judgment on Count VI of the amended complaint be, and the same is hereby GRANTED.