**Marilyn JANESS**

v.

**Donald D. MESSICK.**

**Bankruptcy No. 95–1520(HSB).
Adversary No. 96–34.**

United States Bankruptcy Court,
D. Delaware.

Oct. 15, 1996.

James T. Vaughn, Jr., Dover, DE, for Plaintiff.

Stephan J. Holfeld, Dover, DE, for Debtor/Defendant.

HELEN S. BALICK, Chief Judge.

Marilyn Janess, the plaintiff in this adversary proceeding has moved for summary judgment. This is my Opinion in this core proceeding. 28 U.S.C. § 157(b)(2)(I).

## I. *Legal Standard*

On a motion for summary judgment, the court will view the record and the inferences therefrom in the light most favorable to the non-moving party. *Hon v. Stroh Brewery Co.,* 835 F.2d 510, 512 (3d Cir.1987). If that record shows no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law, then summary judgment shall be granted. Fed. R.Bankr.P. 7056(c).

## II. *Facts*

The debtor, Donald Messick filed his petition for relief under Chapter 7 of the Bankruptcy Code. Janess seeks a determination that a $32,000.00 debt owed to her by Messick is nondischargeable pursuant to 11 U.S.C. § 523(a)(2). 11 U.S.C. § 523(a)(2) reads in part:

A discharge under section 727, ... of this title does not discharge an individual debtor from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition....

Before Messick filed his Chapter 7 petition, Janess filed a complaint with two counts against Messick in the Court of Common Pleas of the State of Delaware seeking to recover a debt. The first count alleged that Messick fraudulently induced Janess to loan him $34,204.41. The second count alleged simply that Messick "owes Plaintiff the sum of $34,204.41 for money loaned." In the proceedings in the Court of Common Pleas, the arbitrator found for Janess. However, the arbitrator only issued a general ruling on the validity of the debt, and did not rule on the issue of fraud. The arbitrator's ruling states: "I find for the plaintiff, Marilyn Janess and against the defendant, Donald Messick in the amount of $32,000."

## III. *Discussion*

There is a four part test to determine whether a party can be collaterally estopped from relitigating a claim. The court would have to find that: (1) The issue sought to be precluded must be the same as that in the prior action; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the prior judgment. *Haize v. Hanover Insurance Co.,* 536 F.2d 576, 579

(3rd Cir.1976). The burden is on Janess to show that all four parts of this test have been satisfied.

Janess asserts that the arbitrator's order finding in her favor prevents Messick from relitigating the issue of fraud under the doctrine of collateral estoppel. Messick's position is that the doctrine of collateral estoppel does not apply. Messick asserts that the arbitrator did not specifically rule on the issue of fraud, but only that the debt was valid.

In *Stephenson v. Capano Development, Inc.* 462 A.2d 1069, 1072 (1983), the Delaware Supreme Court considered the application of the doctrine of collateral estoppel in a similar situation. Stephenson was successful against Capano in a contract claim in the Court of Chancery and filed a suit in the Superior Court raising claims of fraud. She moved for summary judgment arguing that Capano was collaterally estopped from relitigating the Chancellor's findings. *Id.* The Superior Court denied the motion, ruling that the record clearly stated that the issue of fraud was not decided. *Id.* On appeal, the Delaware Supreme Court affirmed and ruled that where there are no specific conclusions reached on the issue of fraud, the issue is not collaterally estopped in a subsequent action. *Id.* at 1073.

The record here shows that the arbitrator's ruling only found for Janess for $32,-000.00. There were no specific conclusions reached on the issue of fraud. Therefore, there is still a question of whether the debt was obtained by fraud, and thus nondischargeable under 11 U.S.C. § 523(a)(2).

IV. *Conclusion*

The plaintiff's motion for summary judgment is **DENIED.**

IT IS SO ORDERED.