# VITEX MANUFACTURING COMPANY, LTD., Appellant

## v.

# GOVERNMENT OF THE VIRGIN ISLANDS, Appellee

## Civil No. 228-1963

### District Court of the Virgin Islands

Div. of St. Thomas and St. John

## November 24, 1964[1]

---

[1] Affirmed 5 V.I. 429, 351 F.2d 313.

JOHNSON & TEN EYCK, Christiansted, St. Croix, Virgin
 Islands, *for plaintiff*
FRANCISCO CORNEIRO, Attorney General of the Virgin
 Islands, *for defendant*

GORDON, *District Judge*

This civil action is a review of an order of the Governor
pursuant to 33 Virgin Islands Code § 4113. The parties en-
tered into a stipulation filed on July 6, 1964 which stated
many of the essential and uncontroverted facts. The matter
came on for hearing on July 8, 1964 when additional testi-
mony was taken and arguments were made. The Court took
the matter under advisement and permitted counsel for
both sides time within which to file post trial briefs. The
Appellant's brief was filed on August 10, 1964 and the
Appellee's brief was filed on August 14, 1964. The Appellee
filed a reply brief on September 4, 1964. The Court has
carefully reviewed the file and the exhibits and makes the
following findings of fact:

### FINDINGS OF FACT

1. Appellant is a domestic corporation of the Virgin
Islands engaged in manufacturing activities therein.

2. On June 8, 1962, there was granted to the Appellant
by the Government of the Virgin Islands of the United
States certain tax and fee exemptions and subsidies pur-
suant to the terms of Act No. 224 (Bill No. 479) approved
July 5, 1957, of the Second Legislature of the Virgin Is-
lands of the United States (1957 Session Laws, 146).

3. Said Act No. 224 provided, among other things, in Section 11 thereof, as follows:

"Section 11. Not less than seventy-five (75%) per cent of all persons employed in any new industry, subject to this law, shall be legal residents of the Virgin Islands. Provided, that the Board shall have the right to grant temporary permits to any new industry applying for or receiving benefits under this law to employ a greater percentage of non-residents of the Virgin Islands, when it is *conclusively* proven to the Board that residents with the necessary ability to perform the services required are not available within the Virgin Islands and the industry is or will be greatly handicapped as a result thereof; *provided further that the Board shall revoke or modify the permit whenever it appears that the necessary services have become available within the Virgin Islands.*" (Emphasis added.)

4. Prior to the grant of tax exemption, as aforesaid, the Appellant, on April 24, 1962, made a written request for and received on May 14, 1962, permission from the Virgin Islands Industrial Incentive Board to employ non-residents in excess of 25% and up to 50% of Appellant's total labor force. Said grant of permission ostensibly expired on August 31, 1962.

5. On May 14, 1962, the Appellee had still not issued the grant of tax and fee exemptions to the Appellant.

6. When such grant was made it was made pursuant to the 1957 Act heretofore described.

7. On August 31, 1962, there were insufficient legal residents of the Virgin Islands available to work to enable the Appellant to comply with Section 11 of the 1957 Act and at no time thereafter up to and including July 2, 1963, were sufficient residents of the Virgin Islands available to work for Appellant so as to enable the Appellant to comply with Section 11 of the 1957 Act. Therefore, it was impossible for the Appellant to comply with Section 11 of the 1957 Act.

8. On November 5, 1962, the Appellant pursuant to a

letter requested permission to continue alien employment in excess of 25% of its employees. On December 21, 1962, the Virgin Islands Incentive Board ordered a hearing to be held on January 8, 1963 directed to show cause why the Appellant's Certificate of Tax Exemption should not be revoked on the basis of an alleged violation of Section 4112, Title 33, of the Virgin Islands Code, as amended.

9. Section 4112 of Title 33 of the Virgin Islands Code, related to an amendment of Act No. 224 which was passed in 1961 and became effective January 1, 1962 (hereinafter referred to as the 1962 Act).

10. It was conceded by the Appellee at the trial and in its Reply Brief filed on September 4, 1964 that the Appellant's rights and obligations were governed by the 1957 Act and not by the 1962 Act.

11. On January 8, 1963, a hearing attended by Appellant, was held at the Virgin Islands Industrial Incentive Board, at which hearing it was conclusively established that resident employees in sufficient quantity to enable the Appellant to comply with the 1957 Act were not available. The public hearing of January 8, 1963 concerned itself exclusively with this issue.

12. On January 9, 1963, the Virgin Islands Industrial Incentive Board in executive session, not only considered the availability of resident employees, but also considered facts and issues wholly unrelated to the question of available employees. Thus, it was established at the trial that the Governor of the Virgin Islands met with the Industrial Incentive Board prior to the executive session of January 9, 1963, and expressed his views regarding the Appellant and its place in the economy of the Virgin Islands as it affected certain mainland industries and its right to continue to enjoy tax exemptions and subsidies. It was also established that the Board included the Governor's views in its deliberations while in executive session and also considered certain

ex parte communications from the Governor which were not disclosed to the Appellant and which related to the Appellant's place in the economy of the Virgin Islands (see Appellant's Exhibit 4—Minutes of the Executive Session of the Virgin Islands Industrial Incentive Board at the Office of the Government Secretary on January 9, 1963).

13. At no time did the Board ever advise the Appellant that Appellant's place in the economy of the mainland and the Virgin Islands and its right to continue to enjoy tax exemptions and subsidies would be considered by the Board or were under consideration by the Board, and Appellant received no notice of any such issue.

14. The minutes of the executive session of the Board which was held on January 9, 1963, conclusively established that the Board considered matters not alluded to at the public hearing on January 8, 1963 in determining whether Vitex had complied with Section 11 of Act No. 224 and, as a matter of fact, it was established that other alleged violators of the 1957 Act were adjudged purely on the basis of compliance or non-compliance with Section 11, as distinct from the considerations and issues which determined the Board's conduct with regard to Appellant.

15. Other alleged violators of Section 11 of Act No. 224 (1957 Session Laws, 154) appearing on January 8, 1963 in response to a notice to show cause why their Certificates of Tax Exemption should not be revoked were Lee Manufacturing Company, Virgin Isle Hilton Hotel and Sapphire Beach Club. All except the Lee Manufacturing Company were found in violation of the law restricting alien employment; but nevertheless, no revocation or modification of any Certificate of Tax Exemption occurred to any of the alleged violators except appellant.

16. The Failure of the Board to advise Appellant that it had considered and was considering issues and questions other than the alleged violation of Section 11 (witness the

communications from the Governor heretofore alluded to) constituted a misrepresentation by the said Board as to the nature and extent of the hearing held on January 8, 1963.

17. Whereas Section 11 of the 1957 Act heretofore referred to, placed the burden of establishing availability of resident labor upon the Industrial Incentive Board, the 1962 Act in Section 4051 of Title 33 of the Virgin Islands Code (1961 Session Laws, 254) placed the responsibility for establishing the non-availability of resident labor upon the beneficiary of the tax exemptions and subsidies.

18. It was established that the Appellant in determining whether to make the substantial investment that it did, which investment approximated several millions of dollars, was induced to do so by the provisions of the 1957 Act, as amended prior to September 13, 1961 (being the date of filing of Appellant's application for benefits) and more particularly Section 1(e) thereof, which read as follows:

"(e) In order that the encouragement tendered by this Act in the form of subsidies for the promotion of the business and industrial development of the Islands may be an incentive, having a real and unmistakably sure basis, the Government of the Virgin Islands hereby declares that it considers all orders granting subsidies and tax exemptions made available under the provisions of this Act as being in the nature of a contract or agreement between the Government of the Virgin Islands and the persons or corporations receiving the benefits of the subsidies or tax exemptions, and that it will not adopt any legislation which may impair or limit such subsidies or tax exemptions granted hereunder or which may defeat the purpose of this Act."

The Appellant relied on said provisions in making the investment that it did.

19. On the basis of the evidence and the testimony of Appellant's witnesses, the conclusion is justified that Appellant required the services of non-resident employees in order to effectively operate its business and Appellant would not have made the investment that it did if it was

77

not assured of its right to continue to use non-resident employees until resident employees became available.

20. It was also established that Appellant made every reasonable and proper effort to obtain resident employees by way of the Virgin Islands Employment Service, advertising, training program, and the expenditures of substantial sums of money to obtain resident employees.

21. It was also conclusively established that the Industrial Incentive Board modified Appellant's tax exemptions and subsidies not by reason of any violation of Section 11 of the 1957 Act, but because the Board felt that the grant of tax exemptions and subsidies should be reconsidered in the light of Appellant's profitable activities and their effect on competition on the mainland.

22. It was also established that the Appellant's failure to comply with the law was a mere technical oversight and that the Appellant did not wilfully attempt to circumvent the law.

CONCLUSIONS OF LAW

1. The notice of hearing dated December 21, 1962, constituted a misrepresentation of the nature of the hearing for it failed to include therein the true nature of the issues to be considered by the Industrial Incentive Board with regard to Appellant and such misrepresentation constituted a violation within the purview of the 1957 Act (Title 33 Virgin Islands Code, Section 4113). Such decisions of the Industrial Incentive Board and the Governor of the Virgin Islands are appealable to the District Court of the Virgin Islands.

2. The decision of the Industrial Incentive Board to modify Appellant's tax exemptions and subsidies was arbitrary and capricious and as such constituted a violation of Section 9 (b) of the 1957 Act. Such decisions of the Industrial Incentive Board and the Governor of the Virgin

78

Islands are appealable to the District Court of the Virgin Islands.

■ 3. Appellant was deprived of due process of law by being denied proper notice of hearing as to the issues which the Industrial Incentive Board really intended to consider in arriving at their decision to modify the Appellant's grant of tax fee exemptions and subsidies.

■ 4. The order of the Governor dated July 2, 1963, modifying Appellant's tax exemptions and subsidies, is void for having been induced by a misrepresentation and for being arbitrary and capricious.

5. Appellant is entitled to judgment revoking the order of the Governor dated July 2, 1963, and reinstating Appellant to its tax exemptions and subsidies as of April 30, 1963.

### JUDGMENT

This matter came on for hearing on July 8, 1964 and the Court has entered its Findings of Fact and Conclusions of Law on November 24, 1964.

It is ORDERED, ADJUDGED, and DECREED that order of the Governor of the Virgin Islands dated July 2, 1963 is hereby revoked and held for naught and that the Vitex Manufacturing Company, Ltd. be restored to all of its rights as evidenced by the Certificate and Decree of Tax or Fee Exemption and Subsidy granted on June 15, 1962.