**VIRGO CORPORATION, Plaintiff**

**v.**

**RALPH M. PAIEWONSKY, Governor of the Virgin Islands, et al., Defendants**

Civil No. 165-1965

District Court of the Virgin Islands

Div. of St. Croix

March 14, 1966

*See, also, 251 F.Supp. 279*

HOWREY, SIMON, BAKER and MURCHISON, Washington, D.C. (WILLIAM SIMON, ESQ., of counsel; J. COLEMAN BEAN, ESQ., of counsel); RUSSELL B. JOHNSON, ESQ., St. Croix, Virgin Islands, *for the plaintiff*

FRANCISCO CORNEIRO, ESQ., St. Thomas, Virgin Islands, *for the defendant*

GORDON, *District Judge*

### MEMORANDUM OPINION

On February 15, 1966, the plaintiff in the above entitled civil action brought on for hearing a motion for sum-

mary judgment and a motion for a preliminary injunction. The arguments on the above motions consumed the whole day and at the conclusion of the hearing the Court took the motions under advisement. Because of the serious questions raised, the Court deems it necessary to set forth its opinion in detail.

The plaintiff, a Virgin Islands corporation, filed the above entitled civil action in this Court against the defendants on November 18, 1965. The nature of the complaint was for a declaratory judgment and an injunction. The complaint was brought in two counts. In the first count of the complaint the plaintiff challenges the validity, legality and constitutionality of 33 V.I.C. §§ 511–518 which is commonly known as the Watch Production Quota Act. In the second count of the complaint the plaintiff challenges the administration by the Virgin Islands Industrial Incentive Board and the Governor of the Virgin Islands of the tax exemption and subsidy provisions of 33 V.I.C. § 4001 et seq. The Court will discuss each count separately in order not to confuse the facts and the law with respect to the pending motions.

With respect to the motion for summary judgment as to count one of the complaint in which the plaintiff challenges the Watch Production Quota Act, the plaintiff made the following contentions:

1. The Act is a burden on interstate commerce and is thus unconstitutional.

2. The Virgin Islands Legislature only has authority to enact legislation which is authorized by the Organic Act of the Virgin Islands. The Legislature had no authority to enact the Watch Production Quota Act because the Act was in contravention of the Organic Act of the Virgin Islands of the United States. [48 U.S.C.A. § 1406i.]

345

3. The Act unfairly discriminates between competitors and thus is in violation of the due process clause of the Constitution of the United States.

4. Assuming the constitutionality of the Act, the Act has been administered arbitrarily by the Governor.

5. Reserve allocations granted by the Governor were as a result of improper influence.

The defendants in opposition to the motion contended:

1. The Virgin Islands Legislature was acting within its province in enacting the Watch Production Quota Act.

2. The Court should not question the economic judgment of the Legislature.

3. Because the Virgin Islands is an unincorporated territory which has its own Bill of Rights, the Constitution of the United States is not applicable to the Virgin Islands.

4. The tax imposed by the Act is local and therefore does not hinder interstate commerce.

The following are the material uncontroverted facts with regard to count one of the complaint:

The plaintiff is a Virgin Islands corporation with its principal place of business at Frederiksted, St. Croix, Virgin Islands. Plaintiff manufactures watches in the Virgin Islands and sells those same watches in interstate and foreign commerce. Plaintiff is a wholly owned subsidiary of Timex, Limited, a Bermuda company, and is affiliated with and sells its entire production of watches to United States Time Corporation, a Connecticut corporation.

Plaintiff commenced its watch manufacturing in St. Croix in June, 1963, with a capital investment in excess of $300,000. It employs approximately 32 people with an annual income of approximately $100,000.

In August, 1965, the Legislature of the Virgin Islands in special session enacted bill number 2638 which added §§ 511–518 to 33 V.I.C. The Governor of the Virgin Islands on August 30, 1965, approved this bill and it became effec-

tive as Act No. 1518. The provisions of this Act relevant to this controversy are:

a. Section 511 imposes a tax of $2.50 on each watch manufactured in the Virgin Islands for sale or use in the customs area of the United States. This section further provides that if the number of watches sold in the United States does not exceed the quota allocated to the manufacturer, then the tax shall be 3¢ instead of $2.50 per watch. On all other watches manufactured and sold, either in the Virgin Islands or outside the customs area of the United States, the tax is only 3¢ per watch.

b. Section 512 establishes a quota of 1,800,000 watches to be manufactured in the Virgin Islands *for export to the customs area of the United States* during the six-month period from October 1, 1965 to March 31, 1966.

c. Section 513 provides that for each twelve-month period subsequent to March 31, 1966, *the Governor shall allocate among the watch manufacturers in accordance with the formula provisions of Section 514(b) "such number of units as shall total 1/9 of annual consumption" in the customs area of the United States.* The section further provides that, of the total units to be allocated, five percent "shall be reserved as a quantity to supplement quotas allocated to manufacturers and to relieve against severe financial hardship, in accordance with the provisions of Section 515." (Emphasis supplied.)

The history of this enactment would be most helpful in visualizing what will follow.

Under Paragraph (a) of General Headnote 3 of the Tariff Schedules of the United States [19 U.S.C.A. § 1202] articles produced in insular possessions, which includes the Virgin Islands, may enter the United States duty free if the articles do not contain foreign materials to the value of more than 50 percent of their total value. This tariff concession was made by Congress to help encourage economic development in the insular possessions and territories of the United States.

In the last five to six years, the watch assembly industry has developed rapidly in the Virgin Islands as a result of

the tariff concessions which permit the assembled watches to enter the United States duty free. In 1964 approximately 9 percent or 2,400,000 watch movements consumed in the United States were assembled by eleven watch manufacturers in the Virgin Islands.

Because of the so-called flood of watches from the Virgin Islands to the United States, manufacturers of watches in the United States were lobbying in Congress to amend the tariff laws to stop Virgin Islands-made watches from entering the United States duty free.

In order to head off any action by the Congress, the Legislature of the Virgin Islands on June 25, 1964, passed Resolution Number 293 which stated:

"WHEREAS the continued ability of this industry to contribute to the economy of the Virgin Islands is partly dependent on the structure of the United States tariff laws with regard to the entry of watches and related products from the Virgin Islands and from foreign countries; and

\*　　　\*　　　\*

WHEREAS the Legislature of the Virgin Islands is anxious to preserve for the people of the Virgin Islands and those who have invested substantial amounts in its economy the benefits of the watch manufacturing industry without inflicting undue injury on mainland manufacturers and their employees; Now, Therefore, be it

RESOLVED by the Legislature of the Virgin Islands:

SECTION 1. That it is the intention of the Legislature of the Virgin Islands to take such steps as may be necessary to alleviate the conditions that have led mainland manufacturers to request congressional action including the imposition of production taxes of the sort now imposed on the woolen textile industry by Sections 501–508 of Title 33 of the Virgin Islands Code on the manufacture of clocks, watches, and watch movements. The Legislature believes that such action may prove necessary to the protection of the interests of the Virgin Islands watch industry and its employees.

\*　　　\*　　　\*

SECTION 3. That, in the interim, the Governor study the situation and prepare recommendations on this subject to the Legislature in light of such developments as may occur."

In compliance with the above resolution the Governor of the Virgin Islands appointed a special committee to make recommendations with regard to preserving the Virgin Islands watch industry. On August 9, 1965, the special committee submitted its report to the Governor of the Virgin Islands. The committee found "that the present rate of expansion in watch manufacturing holds great dangers to the stability of employment in the Islands and the Islands' commercial relations". It recommended that a $2.50 production tax be placed on all watches manufactured in the Islands. It also recommended that quotas be set for watches shipped to the United States. John J. Kirwin, a member of the special committee, testified on deposition that one of the things that was kept in mind at public hearings and meetings of the committee was to control the volume of watch production in the Virgin Islands to forestall adverse legislation from the Federal Congress. [Deposition of John J. Kirwin, December 22, 1965.]

Following the recommendations of the special committee, the Legislature of the Virgin Islands enacted Bill No. 2638 which was approved by the Governor of the Virgin Islands on August 30, 1965. (Supra.)

Preliminarily, the Court will not decide the motion of the plaintiff for summary judgment on the constitutional issues raised, the issue with regard to improper influence upon the Governor or the issue of arbitrary action on the part of the Governor. The sole issue upon which this motion will be decided is whether the Watch Production Quota Act (Act No. 1518) was in violation of the Organic Act of the Virgin Islands of the United States [June 22, 1936, ch. 699, § 36, 49 Stat. 1816, 48 U.S.C.A. § 1406i] which

provides "[t]hat no new export duties shall be levied in the Virgin Islands except by Congress".

Section 36 of the Organic Act of the Virgin Islands of the United States has not been repealed even though there has been a subsequent act called the "Revised Organic Act of the Virgin Islands". [July 22, 1954, ch. 558 § 1, 68 Stat. 497.] Therefore, it is still the law that the Legislature of the Virgin Islands has no power to levy new export duties.

The determination which will have to be made is whether the watch production tax is an export duty. An export tax has been defined by the Supreme Court of the United States in Coe v. Errol, 116 U.S. 517, 526, 29 L.Ed. 715, 6 S.C. 475, and in Turpin v. Burgess, 117 U.S. 504, 506, 29 L.Ed. 988, 6 S.C. 835, as a tax levied upon the right to export, or upon goods because of the fact that they are being exported or intended to be exported.

From the history of the Act and from the express provision of the Act, supra, it can be seen that the primary purpose of the Act was to limit the exportation of watches from the Virgin Islands to the "Customs area of the United States", to forestall the necessity of the Congress taking away the tariff concessions which the Virgin Islands watch manufacturers enjoyed. There can be no other interpretation of the Watch Production Quota Act than it being an export duty upon watches entering the "customs area of the United States". Such an export duty can only be levied by Congress. From this it follows that the Act is in contravention of § 36 of the Organic Act of the Virgin Islands of the United States [June 22, 1936, ch. 699, 49 Stat. 1816, 48 U.S.C.A. § 1406i], and is thus illegal.

For the reasons cited above the motion of the plaintiff for summary judgment is hereby granted because there are no material issues of fact which must be determined by the fact finder. Rule 56, Federal Rules of Civil Procedure.

350

With reference to the motion for summary judgment as to count two of the complaint in which the plaintiff alleges that the Virgin Islands Industrial Incentive Act has been administered in a discriminatory manner, the plaintiff made the following contentions:

1. Similarly situated watch manufacturers presently enjoy tax benefits, thus the failure of the defendants to act on plaintiff's petition discriminates against plaintiff.

2. The plaintiff has complied with all the provisions of the Industrial Incentive Act and thus as a matter of law the Court should order that the plaintiff be granted tax benefits under the Industrial Incentive Act.

The defendants in opposition to the motion for summary judgment as to count two of the complaint contended:

1. The application of the plaintiff was deemed disapproved in November, 1963, and because the appeal period has expired, the Court lacks jurisdiction to entertain this action with respect to the Industrial Incentive Act.

2. The plaintiff is not entitled to the benefits of the Industrial Incentive Act as a matter of right because no contractual obligation exists.

The material facts with regard to count two of the complaint are as follows:

On June 12, 1963, before plaintiff commenced operations in St. Croix, plaintiff filed a formal application with the Virgin Islands Industrial Incentive Board reciting all pertinent information requested by the statute. On September 16, 1963, plaintiff filed a supplemental application attesting to the fact that operations had commenced and listing other pertinent information. On September 17, 1963, public hearings were held with respect to plaintiff's application.

On December 9, 1964, the Industrial Incentive Board through its executive officer notified plaintiff that:

"As you may be aware, a controversy exists over our watch industry in regards to its effect on the mainland. Because of this, all applications were ordered "frozen" by the Governor and he directed that no further action be taken until the matter is clarified. At the time of this directive by Governor Paiewonsky, a few watchmaking firms had already been granted tax exemption and these grants could not be impaired, but the directive did act as a halt on all applicants still under consideration. This accounts for the apparent disparity among the watch firms. As you can see, however, there was no prejudice or arbitrary action involved. It was simply a matter of not impairing any benefits already granted, but nevertheless withholding the granting of any subsequent benefits until a clean bill of health could be given the industry as a whole.

Recently the Governor has written the Board and proposed an interim relief handling of the firms whose applications are being held in abeyance until the cloud is lifted. Due solely to an overloaded agenda this latter proposal has not been considered as yet by the Board.

This office has again scheduled the watch companies' problem for consideration at the next Executive Session and it is our hope that this time it will be discussed and resolved relative to the issue whether the suggested interim relief can or can not be granted.

In any event, this is the status as to date and should anything at all relative to the subject arise, we shall inform you immediately as to its outcome."

Since December 9, 1964 despite requests of plaintiff for interim relief no action was taken by the Industrial Incentive Board with respect to plaintiff's application for tax exemption and subsidy.

■ On November 18, 1965 the plaintiff brought this action invoking the jurisdiction of this Court pursuant to 33 V.I.C. § 4113 which provides:

"Any person, firm or corporation aggrieved by any action of the Governor under the provisions of this subtitle shall be entitled to judicial review thereof by filing an appeal with the District Court of the Virgin Islands, within 30 days after final decision by the Governor. Upon such review all findings, decisions or determinations by the Governor as to questions of fact shall be deemed final in the absence of conclusive showing to the Court of fraud or misrepresentation."

The Court recognizes that there has been no final decision by the Governor. However, the plaintiff has been aggrieved by the inaction of the Industrial Incentive Board caused by the Governor's freeze on watch manufacturers' applications. The Court is, however, of the opinion that the facts alleged by the plaintiff in its complaint and motion are sufficient to invoke this Court's jurisdiction under 5 V.I.C. § 1261 et seq. which is the Uniform Declaratory Judgment Act.

■ ■ The Court does not agree with defendants' contention that plaintiff's application was denied on November 17, 1963, by operation of law. It is inconceivable to the Court that the Government can lull an applicant into believing that its application is being entertained in the regular course of business and then when the "moment of truth" arrives, advise applicant that its application had been deemed to have been disapproved without notice to the applicant. 33 V.I.C. § 4101(b). In the case at bar the plaintiff was advised that its application was being considered by the Virgin Islands Industrial Incentive Board. Later it was advised by an official of the Industrial Incentive Board that the Governor had ordered a "freeze" on all pending watch manufacturers' tax exemption and subsidy applications. In the opinion of the Court the action of the Governor by his directive is an extension as contemplated by 33 V.I.C. § 4101(b).

■ The Court would like to comment briefly on defendants' contention that plaintiff has not complied with the statutory requirements for tax exemption and is thus not entitled to the Industrial Incentive benefits as a matter of right. Defendants argue that they have no contractual obligation to issue a tax exemption to plaintiff. It is difficult for the Court to adhere to such a contention when 33 V.I.C. § 4001 makes it clear as its policy that an industrial or business activity which has met the statutory requirements

and which may be determined to promote the public interest by economic development of the Virgin Islands and the establishment or expansion of which requires the stimulus of governmental assistance will be entitled to the benefits of the Act. It is also difficult to adhere to the defendants' argument that the plaintiff's activities do not promote the economic development of the Virgin Islands when it is the same activities with respect to the watch industry which defendants tried to protect by enacting the Watch Production Quota Act. The record is replete with Resolutions of the Virgin Islands Legislature, Acts of the Virgin Islands Legislature, and reports of committees which state that the watch industry is of great benefit to the economy of the Virgin Islands and needs to be protected in order to further contribute to the economy of the Virgin Islands. If an industry is of economic benefit to the Virgin Islands, then the individuals or companies which make up that industry must of necessity benefit the Virgin Islands' economy.

It would seem to the Court that if four other watch manufacturers who have received tax exemption and subsidy certificates have been deemed to promote the economic welfare of the Virgin Islands, the plaintiff, as long as it has fulfilled all the statutory requirements, should also be deemed to promote the economic welfare of the Virgin Islands and should thus be granted a tax exemption and subsidy certificate.

The Court realizes that tax exemption is not merely a question of law, but involves many economic factors which are more appropriately the function of those to whom this decision is entrusted, which in the case at bar is the Virgin Islands Industrial Incentive Board and the Governor of the Virgin Islands. However, the Court will not sit idly by and permit those officials who are entrusted to carry out their duties fail to assume those responsibili-

ties given to them by the Legislature of the Virgin Islands.

The Court is of the opinion that the defendants should not be permitted to refuse to entertain plaintiff's application "because the Governor believes that other considerations should enter into its [Industrial Incentive Board's] deliberations and recommendations". Vitex Manufacturing Co. v. Government of the Virgin Islands, 351 F.2d 313, 5 V.I. 72 (1965)

The Court, therefore, shall remand the case to the Industrial Incentive Board to make such recommendations as it may deem proper. The Industrial Incentive Board shall make such recommendations to the Governor of the Virgin Islands within 30 days from the date of this memorandum opinion. The Governor of the Virgin Islands shall act within a reasonable time upon the recommendations of the Industrial Incentive Board. If no action is taken by the Industrial Incentive Board or the Governor within the time prescribed above, the plaintiff shall have the right to reopen these proceedings and seek an order compelling the defendants to grant the tax exemption and subsidy benefits to plaintiff.

Having made the above determinations, the Court is of the opinion that it is not necessary to issue a preliminary injunction. Therefore, plaintiff's motion for a preliminary injunction is denied.