Allan SCHUSTER, Almeric E. Bascombe, Roy Beckles, Plaintiffs,

v.

Eleanor L. THRAEN, Individually and in her capacity as Director of the Youth Services Administration, Government of the V. I., Leslie A. Millin, Individually and in his capacity as Director of Personnel and Secretary, Government Employees' Service Commission, Government of the Virgin Islands, Defendants.

Civ. No. 79/243.

District Court, Virgin Islands, D. St. Croix.

Feb. 10, 1982.

Bertram Charles, St. Croix, V. I., for plaintiffs.

Alexander A. Farrelly, St. Thomas, V. I., for defendant, Eleanor L. Thraen.

Robert L. King, St. Thomas, V. I., for defendant, Leslie A. Millin.

James M. Scott, Asst. Atty. Gen., St. Croix, V. I., for Government.

## MEMORANDUM OPINION

O'BRIEN, District Judge.

Defendant, Leslie A. Millin, has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Mr. Millin's motion is supported by his co-defendants, the Government of the Virgin Islands and Eleanor L. Thraen. After reviewing all the papers submitted by the parties in this case and having been well briefed by counsel during oral argument on January 4, 1982, it is this Court's decision to grant summary judgment in favor of defendants.

This action stems from the dismissal of the three plaintiffs from their jobs as Juvenile Corrections Officers. It is undisputed that the plaintiffs were employed on October 23, 1978 by the Youth Services Administration ("YSA") under a C.E.T.A. grant. They remained in continuous employment until their termination on July 27, 1979, which was based on alleged deficiencies in the discharge of their duties during a riot at the Youth Rehabilitation Center at Anna's Hope on the night of July 23, 1979.

Plaintiffs' amended complaint was based on a variety of disparate legal theories and sought a declaratory judgment, writ of review, determination of a civil rights violation and damages. In response to defendants' motions to dismiss the amended complaint, Judge Raymond L. Finch, Sitting by Special Designation in this Court, dismissed the tort claim asserted by plaintiffs in a lengthy decision dated January 26, 1981 and artfully framed the statutory and constitutional claims which remained for decision. As narrowed by this January 26, 1981 order, the issues presented by defendants' instant motion for summary judgment turn largely upon whether plaintiffs were temporary or regular employees within the meaning of Title 3 of the V.I.Code, Section 451 *et seq.* A determination of this question will in turn dictate what rights, if any, to a hearing are statutorily afforded to plaintiffs and whether plaintiffs had a constitutionally protected interest in their jobs.

For the reasons stated below, this Court finds that plaintiffs were only temporary, and not regular, employees and thus were not entitled to notice and a hearing regarding their dismissals. In addition, plaintiffs, as temporary employees, did not possess a vested property interest in their continued employment and therefore cannot assert a violation of their constitutional rights.

## I. STATUS OF PLAINTIFFS' EMPLOYMENT

The facts are undisputed that plaintiffs commenced work as Youth Correction Officers on October 27, 1978 under a CETA grant, at which time they were probationary employees. The crucial question before this Court is what status did the plaintiffs enjoy on July 27, 1979, the date of their discharge?

Plaintiffs have consistently maintained that they were regular employees entitled to a hearing and all other rights provided by 3 V.I.C. §§ 527 and 530. Alternatively, plaintiffs contend that even if they were found to be probationary employees, they should have been given a hearing since their dismissals were based on non-merit factors. We will address each of the plaintiffs' arguments separately.

Plaintiffs assert that they were entitled to a hearing prior to dismissal pursuant to Section 530 which provides in pertinent part:

(a) Notwithstanding any other provision of law, in any case after January 1, 1977, where a department head, including the Executive Director of the Virgin Islands Water and Power Authority, decides to dismiss, demote, or suspend a regular employee, or employee of the Virgin Islands Water and Power Authority, for cause, he shall furnish the employee with a written statement of the charges against him. The employee shall have ten days following the date of receipt of said statement of the charges to appeal the proposed action to the Government Employees Service Commission. Such appeal shall be in writing and a copy shall be furnished to the department head.

(b) The Government Employees Service Commission shall meet within 30 days after the filing of the appeal and afford the department head and the employee an opportunity to be heard. The department head and the employee shall be entitled to call witnesses and to be represented by counsel. The hearing, including continuances thereof, shall in no event extend beyond 60 days. The Commission shall render its decision within 14 days after termination of the hearing. The Commission's decision shall be final. In the event the Commission fails to meet or render its decision within the time or in the manner prescribed herein, the employee shall be reinstated, with full pay, to the date of his original dismissal or suspension. 3 V.I.C. § 530(a) and (b) (Supp.1979)

To decide who qualifies as a "regular employee", we must look to the definition contained in Section 451:

"regular employee" means an employee who has been appointed to a position in the classified service in accordance with this chapter after completing his working test period. 3 V.I.C. § 451 (1967).

1. Affidavit, dated January 23, 1981, of Leslie A. Millin, Director of Personnel, Secretary of the Government Employees Service Commission, Para. 3.

2. Millin affidavit, Para. 4. Mr. Millin stated that the administrative practice has been to interpret the probationary period to mean a full

■ From the foregoing two statutes, it is clear that to qualify as a regular employee, an employee must hold a position in the classified service and must also have completed his working test period.

■ Section 522(d) of Title 3 provides that although a person may be in classified service, that person still cannot acquire permanent status unless he has fulfilled his one year probationary period. Thus, although plaintiffs had their temporary positions in the unclassified service for the YSA covered into the classified service and thereby received permanent appointments,[1] the designation of "classified", by itself, did not serve to make plaintiffs regular employees. This Court holds that the only way in which plaintiffs could achieve regular employee status was to satisfy the one year working probationary period required by Section 522(d). This conclusion is further supported by the administrative practice of the YSA, which according to the affidavit of Leslie A. Millin, dated January 23, 1981, ("Millin affidavit"), Director of Personnel, Secretary of the Government Employees Service Commission, requires that all government employees serve a probationary period of 12 months.[2] Since plaintiff concededly worked for less than one year, it is clear they could not and did not qualify as regular employees. Consequently, they were not entitled to the notice and hearing rights granted by 3 V.I.C. § 530.

■ Plaintiff's second argument is that, *assuming arguendo*, they were not regular, but temporary, employees, they were entitled to a hearing pursuant to 3 V.I.C. § 527 because they were dismissed for "non-merit factors." Section 527 provides, in pertinent part, that:

The Director of Personnel may recommend the removal of an employee during

year. Unfortunately, the Personnel Guide manual which, according to Mr. Millin, sets forth this administrative practice was not filed with the Court, although it is referred to as Exhibit C attached to Defendants' Motion for Summary Judgment submitted by Mr. Millin.

his probational period if he finds, after giving the employee notice and an opportunity to be heard, that such employee was appointed *as a result of fraud or error.* 3 V.I.C. § 527 (1967) (emphasis supplied).

Insofar as there has been no evidence presented to this Court to show that plaintiffs were appointed through fraud or error, we find that Section 527 is not applicable to the instant fact situation. However, we deem it appropriate to look at certain provisions of Section 531 which do speak in terms of "non-merit factors" in an attempt to clarify plaintiffs' rights.

■ Section 531(a) prohibits governmental discrimination based on "political or religious opinions or affiliations or because of race, national origin, or any other non-merit factor." Subsection (b) of that statute affords the right to a hearing to any person who has been discriminated against by the government in the personel area.

While "non-merit factor" is not defined in subsection (a), subsection (b) appears to limit the term to mean discrimination based on political, religious, racial or national origin grounds. Since plaintiffs have never suggested that their discharges were discriminatorily related, they cannot base their claim of right to a hearing upon Section 531.

## II. PLAINTIFFS' CONSTITUTIONAL CLAIMS AND CLAIMS PURSUANT TO 42 U.S.C. § 1983

Plaintiffs have also alleged a violation of their constitutional rights. While plaintiffs' claim is not specific, it appears that plaintiffs have contended that their dismissals without a hearing have violated a property interest which they had in their government employment.

**3.** Section 1983 provides for a civil action for deprivation of constitutional rights:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitu-

■ It is clear that plaintiffs' claim of a property interest in employment must be decided by reference to state law. *Bishop v. Wood*, 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). This Court has already found that plaintiffs were temporary, and not permanent, employees and therefore did not have tenured positions. Thus, plaintiffs cannot assert a cognizable constitutional claim for violation of a property or liberty interest. *See Bishop v. Wood, supra; Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). As temporary employees, plaintiffs were entitled only to such hearings as were afforded them by Virgin Islands statutes, rules and regulations. *Sherman v. Yakahi*, 549 F.2d 1287, 1291 (9th Cir. 1977). Since plaintiffs were not entitled to a hearing, their constitutional rights were not violated because they were dismissed without one.

■ Plaintiffs have also sought redress pursuant to 42 U.S.C. § 1983.[3] Section 1983, governing deprivation of civil rights by a person acting under color of state law, does not in and of itself create or secure any substantive rights, but merely authorizes a cause of action when rights secured by another source have been infringed.[4] *Gonzalez v. Young*, 560 F.2d 160, 168 (3rd Cir. 1977), *cert. denied*, 434 U.S. 1061, 98 S.Ct. 1232, 55 L.Ed.2d 761 (1978). This statute was never intended to be a catch-all statute under which myriads of suits may be filed in federal courts, absent a showing of deprivation of a constitutional right. *Sullivan v. Brown*, 544 F.2d 279, 284 (6th Cir. 1976). In this respect we note that at oral argument, counsel for plaintiffs stated that the Section 1983 cause of action was dependent on whether plaintiffs had been properly discharged.

tion and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. 42 U.S.C. § 1983 (1974)

**4.** Plaintiffs have shown no violation of their civil rights, either in their papers or at oral argument.

As demonstrated, plaintiffs were temporary employees with no protected property interest in their employment. They were not entitled to a hearing under Virgin Islands law or practice and, accordingly, their dismissal did not violate their constitutional rights or deny them due process.

Defendants' Motion for Summary Judgment will therefore be granted and plaintiffs' cause of action dismissed, with prejudice.