OPINION OF THE COURT
John H. Pennock, J.
The plaintiff in this action, Marc Robideau, is an 11-year-old handicapped student at the South Colonie School District who was transferred by the defendant board from Sand Creek Middle School to Lisha Kill Middle School on the grounds that the latter school was the designated school for disabled students in the fourth through sixth grades. The parents and student objected to the transfer because it separated him from his former classmates and friends and on the grounds the school district could reasonably make the Sand Creek School accessible and by accommodation could have permitted Marc to attend that school. On application for a preliminary injunction, this Special Term granted the relief and the board moved before the Appellate Division, Third Department, which vacated the preliminary injunction without opinion. It is apparent that neither this court nor the Appellate Division considered 20 USC § 1415 which mandates that during the pendency of any proceeding conducted pursuant to section 1415 the handicapped child shall remain in the then current educational placement. The petition did at paragraph 14 of the complaint allege that plaintiff was provided with basic due process under 20 USC § 1415, however, it did not specify in the complaint or in the record the mandate of 20 USC § 1415 in respect to continuance of Marc continuing in the current placement. The decision of the board was made on *980 August 14,1984 before the school year commenced and thus, the board was mandated by 20 USC, ch 33, § 1415 (Education of Handicapped). At this juncture, the court shall not act on this possible violation because the motion before it does not address this relief or its denial. Further, it is restrained by the Appellate Division order vacating the preliminary injunction.
The right of the parent and student under this law providing for status quo is a substantive right granted by the Federal statutes (20 USC § 1400 et seq.) and should not be addressed as a procedural matter under the State procedural rules under the civil practice and procedure act. They are entitled to an automatic preliminary injunction. This chapter prohibits any change in a child’s placement once a due process proceeding under this chapter has been initiated. (Cain v Yukon Public Schools, 556 F Supp 605 [Dist Ct, Okla 1983].) The State court criteria for preliminary injunction have no application including proof of irreparable harm. The Federal statute provides for a summary automatic injunction. Therefore, an injunction action as the plaintiff pleads pursuant to State procedure is not proper under the administrative remedy provided by this statute. Congress intended that the complaints of the handicapped students should be handled expeditiously by administrative law procedure and that the educational agency is to keep the student in the facility where he was when the complaint is made. (20 USC § 1415.) It was not the intent of Congress to relegate the complaint by student and parents to the mainstream of litigation which takes years to resolve. Congress obviously wanted the simple complaints regarding parents and students to be resolved in a matter of weeks, otherwise the student such as Marc in the sixth grade would be in high school before the controversy is resolved. This handicapped law of Congress, was adopted to effectuate the best interest of the handicapped students’ education. In fact, the law for education of the handicapped sets forth specific procedures to be followed by the educational agency. (See, 20 USC, ch 33, subch I, II, §§ 1400-1420 [Education of Handicapped].)
Now as to the motions before the court. This first motion by the defendant school district pursuant to CPLR 3211 seeks an order to dismiss the complaint of plaintiffs. The movant defendant school district initially urges that the complaint is defective in that it fails to comply with Education Law § 3813 of the State of New York which requires that an allegation in the complaint must allege that a written verified claim upon which the action is founded was presented to the governing body of the school district within three months after the accrual of such *981 claim. The movant avers that no such notice of claim was filed or presented to the governing body of the school district.
The movant defendant also avers that plaintiffs have failed to exhaust their administrative remedies.
Further, the movant defendant argues that when an action is alleged under the provisions of 20 USC § 1400 et seq. that is the exclusive remedy of the plaintiffs and the relief provided for therein cannot be combined with an alleged cause of action under 42 USC § 1983 and 29 USC § 794 in order to circumvent or enlarge the remedies available under the provisions of 20 USC § 1400 et seq.
First, the defendant’s assertions that this action is procedurally defective because the plaintiff failed to serve a timely notice of claim in accordance with Education Law § 3813 has no merit. The purpose of section 3813, which requires presentment of the claim to the school district’s governing body within three months after accrual, is to give the school district prompt notice of such claim in order that investigation might be conducted in a timely manner (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 547-549). As such, it is a condition precedent to the commencement of an action against any school district or board of education. (Public Improvements v Board of Educ., 56 NY2d 850, as cited in Morley v Arricale, 104 AD2d 207.) However, in this proceeding (see, Bench decision, Sept. 27, 1984 [Pennock, J.]) the plaintiff was seeking a preliminary injunction and a permanent injunction was prayed for instant relief that the subject handicapped student Marc Robideau be permitted to attend his neighborhood school. Time was of the essence. A show cause order dated September 20, 1984 placed the application on the court calendar on September 28,1984 at Special Term when a full hearing was held. Thus, it cannot fairly be argued that respondents were without notice of the pendency of this claim.
Therefore, the first motion to dismiss on failure to give notice of claim is denied. However, such issue shall become academic as the court hereafter grants the motion to dismiss.
The court now passes on to that part of the motion which defendant seeks dismissal of the complaint based upon the argument that 20 USC § 1400 et seq. is the exclusive remedy of the plaintiffs and that the relief provided for therein cannot be combined with an alleged cause of action under 42 USC § 1983 and 29 USC § 794 in order to circumvent or enlarge the remedies available under the provisions of 20 USC § 1400 et seq.
The defendant’s counsel relies upon Smith v Robinson (468 US _, 82 L ed 2d 746) a recent decision of the Supreme Court of the *982 United States, March 28, 1984. This decision held that a plaintiff may not circumvent or enlarge the remedies available under the Education of the Handicapped Act (20 USC § 1400 et seq.), that such action under that section cannot be combined with causes of action under 42 USC § 1983 and 29 USC § 794. (Smith v Robinson, 468 US_,_, 82 L ed 2d 746, 763, supra.)
Thus, it is argued by defendant that plaintiffs must first exhaust their administrative remedies under the Education of Handicapped Act pursuant to Smith v Robinson (supra). It appears the reasoning for this is to obtain a quick result on the complaint of the parent and handicapped student so immediate action can be taken administratively to correct a wrong. All of the allegations in the statement of facts in the parents’ and student’s complaint would be heard by the arbitrator during the administrative process.
As to allegations in the complaint on the 1983 action, which we associate with civil rights actions, provide that: “Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law, suit in equity, or other proper proceeding for redress.” (42 USC § 1983.)
Standing alone, this section provides no protection for civil rights because it creates no independent substantive rights at all. (Espinoza v O’Dell, 633 P2d 455 [Col 1981].) This section does not create or secure any substantive rights, but merely authorizes a cause of action when rights granted by another source have been infringed. (Schuster v Thraen, 532 F Supp 673 [Dist Ct, Virgin Is 1982].) Before Smith v Robinson (supra), the 1983 Act had been applied as an enforcer of the Education of the Handicapped Act, 20 USC § 1400 et seq. (Quackenbush v Johnson City School Dist., 716 F2d 141 [1983]). However, now since Smith v Robinson, a plaintiff who asserts a valid claim under Education for Handicapped Children Act cannot also proceed under the Rehabilitation Act nor attorneys’ fees cannot be recovered under either Act. (Education of the Handicapped Act § 602 et seq. [20 USC § 1401 et seq] Rehabilitation Act of 1973, § 2 et seq.; § 504 [29 USC § 701 et seq.; § 704]; Smith v Robinson, supra; see also, Georgia Assn. of Retarded Citizens v McDaniel, US Ct of Appeals, 11th Cir, Sept. 4,1984 remanded; see, 716 F2d 1565 for decision which was amended as required by Supreme Court.)
*983 Therefore, the plaintiff cannot proceed with its first cause of action under the Rehabilitation Act, together with his second cause of action of the Education of the Handicapped Act, 20 USC § 1415, and attorneys’ fees cannot be recovered under either Act.
The plaintiff’s third cause of action based upon alleged failure of defendants to provide student with suitable education opportunities under Education Law § 4402 (2) is a cause of action which may be viable on its own standing but is not compatible with an action commenced under the Education of the Handicapped Children Act.
The fifth cause of action based upon the Civil Rights Law of 1873 is not viable at this time nor is the cause of action under 20 USC § 1415 and Education Law article 89 because the respondents did proceed administratively as required by statute.
Therefore, the complaint is dismissed without prejudice to replead upon completion of the administrative proceeding.