**HEIRS OF Norman A. GARVEY, Appellant**

v.

**SION FARM ESSO SERVICE CENTER and Government of the Virgin Islands Criminal Victims Compensation Commission.**

No. 87–3250.

United States Court of Appeals, Third Circuit.

Argued Dec. 9, 1987.

Decided Feb. 1, 1988.

Russell B. Johnson, Christiansted, St. Croix, V.I., for appellant.

Godfrey R. de Castro, Atty. Gen., Rosalie L. Simmonds–Ballentine, Sol. Gen., Nelson L. Jones, Asst. Atty. Gen., Gen. Litigation Services, Dept. of Justice, St. Thomas, V.I., for appellees.

Before GIBBONS, Chief Judge, and STAPLETON and MANSMANN, Circuit Judges.

### OPINION OF THE COURT

GIBBONS, Chief Judge:

■ The heirs of Norman Garvey appeal from an order of the District Court of the Virgin Islands dismissing their Petition for Review of a decision of the Virgin Islands Criminal Victims Compensation Commission denying their claim for compensation. The district court dismissed the Petition for Review because the decisions of the Commission are not subject to judicial review. We affirm.

Norman Garvey and Julio Quintero were employees of the Sion Farm Esso Service Station. On April 12, 1983 an argument took place in which Garvey attempted to pour gasoline on Quintero, and Quintero stabbed Garvey to death. Quintero pleaded guilty to Voluntary Manslaughter.

The Virgin Islands Criminal Victims Compensation Act, 34 V.I.C. § 151 et seq., establishes a program of public compensation for innocent victims of certain criminal offenses and in death cases, their families. Application for compensation is made to a commission established under the Act. When an application is made, the Executive Secretary of the Commission must hold a fair hearing and prepare a report and recommendation. 34 V.I.C. § 156(b). The Commission may not award compensation "if, supported by substantial evidence it determines that—(6) [t]he victim and the offender, at the time the injury or death

was caused, were engaged in a common unlawful enterprise or activity ..." 34 V.I.C. § 164(b)(6). Moreover,

> [i]n determining the amount of an award, the Commission shall determine whether, because of his conduct, the victim of such crime contributed to the infliction of his injury, and the Commission shall reduce the amount of the award or reject the claim altogether, in accordance with such determination ...

34 V.I.C. § 164(c). The Commission, after a hearing, determined that because Garvey's conduct contributed to the infliction of his injury, no award would be made. The Garvey heirs made a motion for reconsideration, which the Commission denied.

Following the denial of the motion for reconsideration, the Garvey heirs petitioned the district court for a writ of review. That petition was filed pursuant to 5 V.I.C. § 1421 et seq. and 5 V.I.C. Appendix V R Rule 11. The referenced statute provides, generally, for review of actions of Virgin Islands administrative agencies.[1] The referenced rule specifies the procedure for obtaining a writ of review. The district court dismissed the petition on the ground that the Virgin Islands Compensation Act precludes judicial review of Commission decisions.

The Act provides that after the Executive Secretary makes a report "the Commission shall make its determination and issue its order with due dispatch." 34 V.I.C. § 157(a). "Such determination and order," however, "shall be final as provided by section 166 of this chapter." *Id.* Section 166 provides in relevant part:

---

1. The statute provides:

Any party to any proceeding before or by any officer, board, commission, authority, or tribunal may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. Upon the review, the court may review any intermediate order involving the merits necessarily affecting the decision or determination sought to be reviewed. 5 V.I.C. § 1421.

The writ of review shall be allowed in all cases where there is no appeal or other plain, speedy, and adequate remedy, and where the officer, board, commission, authority, or tribunal in the exercise of his or its functions appears to have exercised such functions erroneously, or to have exceeded his or its jurisdiction, to the injury of some substantial right of the plaintiff. 5 V.I.C. § 1422.

Upon the review provided for in this chapter the court shall have power to affirm, modify, reverse, or annul the decision or determination reviewed, and, if necessary, to award restitution to the plaintiff, or, by mandate, direct the officer, board, commission, authority, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the district court on review an appeal may be taken in like manner and with like effect as from a judgment of such district court in a civil action. 5 V.I.C. § 1423.

(a) Every determination and order of the Commission shall be final, except that an applicant may obtain a reconsideration by the Commission of an order upon filing a written request for reconsideration with the Executive Secretary within one calendar year after the issuance of the order, and upon approval of the request by the Commission.

34 V.I.C. § 166. Section 157(a) and Section 166(a), read together, clearly convey the intention of the Virgin Islands Legislature that there shall be no judicial review of the merits of decisions of the Commission. The only provision in the Criminal Victims Compensation Act even arguably pointing to a different conclusion is that in section 156(b) requiring that rejections of applications be supported "on the basis of evidence received." In context, however, the supported by evidence language refers to the fact that the Commission acts upon the report and recommendation of the Executive Secretary, who must conduct a hearing. The requirement that the Commission must act on the basis of evidence does not suggest that the Legislature did not mean what it said with respect to finality of its actions.

▄▄▄ The Garvey heirs rely on cases such as *King Christian Enterprises v. Government of the Virgin Islands*, 345 F.2d 633 (3rd Cir.1965), *Virgo Corporation v. Paiewonsky*, 251 F.Supp. 279, 5 V.I.R. 342 (D.V.I.1966), *rev'd*, 384 F.2d 569 (3d Cir.1967), *cert. denied*, 309 U.S. 1041, 88 S.Ct. 1634, 20 L.Ed.2d 303 (1968), *reh'g denied*, 392 U.S. 917, 88 St. Ct. 2053, 20 L.Ed.2d 1379 (1968), and *Schuster v. Thraen*, 532 F.Supp. 673, 18 V.I.R. 287 (D.V.I.1982), in which on petitions for writs of review the district court exercised judicial review over the actions of other Virgin Islands administrative agencies. Each agency scheme must, however, be analyzed separately. Even if we assume a general rule in favor of judicial review of agency action, the Legislature may, subject to the limitations of due process, provide for the finality of agency action. It has done so in the Criminal Victims Compensation Act. Since the Act provides for compensation from public funds, and contains adequate procedural means for fair determinations at the agency level, no due process argument for judicial review is suggested.

We emphasize that what the instant petition seeks is a review of the merits of the Commission's decision. Thus we do not pass on distinct issues such as whether the district court could compel the Commission to act on a petition, or to act in accordance with the procedures set out in the governing statute. The Commission did act in accordance with those statutory procedures. The merits of its action cannot be reviewed by the courts.

The judgment appealed from will, therefore, be affirmed.

STAPLETON, Circuit Judge, dissenting.

I respectfully dissent.

As the majority acknowledges, the Legislature of the Virgin Islands has established judicial review of final administrative action as the general rule. 5 V.I.C. § 1421, *et seq.* This is in accord with the strong presumption favoring judicial review of final administrative action that prevails throughout the United States. *Abbott Laboratories, Inc. v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); 5 Davis, Administrative Law § 28.11 (2d ed. 1984).

The references in the Criminal Victims Compensation Act to the finality of the Commission's disposition of a claim can as easily be read to establish the point at which such dispositions become judicially reviewable as they can be read to preclude such review. Given this ambiguity, the presumption favoring judicial review should prevail. *See Monsanto v. Quinn*, 674 F.2d 990, 992–93 n. 5 (3d Cir.1982) ("Despite the language in 3 V.I.C. § 530(b) that 'the [Government Employees Service] Commission's decision shall be final,' ... the Commission's actions are reviewable pursuant to 5 V.I.C. § 1421, *et seq.*"); *Bryan v. Christian*, 550 F.2d 890, 891 n. 1 (3d Cir.1977) (same). Thus, I would read Section 166(a) as providing that a writ of review may be sought pursuant to 5 V.I.C.

§ 1421 as soon as the Commission enters its order of disposition even though the claimant may seek reconsideration by the Commission at any time within a year following that order.

The court's opinion reflects justifiable concern over the consequences of its holding when it suggests that there may be a distinction between reviewing a final decision of the Commission on its merits and reviewing it to see if it has been reached in the manner contemplated by the statute. I, too, doubt that the Virgin Islands Legislature intended the Commission to be free to ignore with impunity the procedural dictates of the Act. I also doubt, however, that the Legislature intended the Commission to be free to ignore with impunity the substantive criteria found in the Act or to apply with impunity criteria, not found in the Act, that would otherwise be impermissible under Virgin Islands law. Moreover, I see no basis in the text of the Act for distinguishing between procedural and substantive review.

Accordingly, I would reverse the order of the district court and direct it to take jurisdiction over this matter. Since the Virgin Islands Legislature obviously intended that the Commission was to have broad discretion over the disposition of claims, the court's review should be limited to determining whether the Commission's decision was contrary to law, arbitrary or capricious, or unsupported by substantial evidence.[1] In this instance, the Commission's decision clearly satisfies the applicable criteria. Accordingly, I would also direct that the district court deny the petition for review.

---

1. I note that Section 158(h) of the Act requires that "[e]very determination of the Commission shall be based on the evidence before it and shall be supported by substantial evidence." For me, this provision clearly evidences a legislative expectation that there would be judicial review of the merits of Commission determinations. Section 158(h) of the Act, unlike Section 156(b) referenced by the Court, is directed to the Commission and not its Executive Secretary.